977 P.2d 767

**Barry Lee RINEER, Petitioner.**

v.

**Hon. John S. LEONARDO, Judge of the Superior Court of the State of Arizona, in and for the County of Pima, Respondent,**

**The State of Arizona, Real Party in Interest.**

**No. CV–98–0369–SA.**

Supreme Court of Arizona,
En Banc.

March 24, 1999.

Susan A. Kettlewell, Pima County Public Defender, by William J. Kirchner, Harold L. Higgins, Tucson, Attorneys for Petitioner.

Barbara E. LaWall, Pima County Attorney, by Kathleen A. Mayer, Karl A. Fazio, Jonathan Bass, Tucson, Attorneys for Real Party in Interest.

Kimerer & LaVelle, P.L.C., by Michael D. Kimerer, Lori L. Voepel, Phoenix, Attorneys for Amicus Curiae Arizona Civil Liberties Union.

O P I N I O N

ZLAKET, Chief Justice.

¶ 1   In 1973, Barry Lee Rineer entered a guilty plea to a rape charge brought pursuant to former A.R.S. § 13–611.  His victim was a minor.  He served a prison sentence and was released in 1979.  The following year, Rineer was convicted of aggravated assault for pointing a gun at another.  He also pleaded guilty to armed robbery arising out of a separate incident.  Neither offense was of a sexual nature.  He received consecutive sentences of 11.25 years and 10.5 years for these two crimes.

¶ 2   Petitioner was due to be released from prison on September 25, 1997.  Shortly before that date, the Pima County Attorney filed a petition for his detention pursuant to Arizona's Sexually Violent Predators ("SVP") statutes, A.R.S. §§ 13–4601 through 13–4613 (1996).[1]  The petition, alleging that Rineer was a "sexually violent person" as defined by A.R.S. § 13–4601(5), was based on his 1973 rape conviction.

¶ 3   Rineer was sent to a prison psychologist for screening pursuant to A.R.S. § 13–4604, but refused to participate.  The psychologist nonetheless rendered an opinion that petitioner suffered from a mental disorder making him likely to engage in acts of sexual violence.  He based this opinion on prior presentence reports, diagnoses of pedophilia and bestiality made in 1973, a 1978 assessment of pedophilia and paranoid personality, and prison disciplinary records indicating combative behavior.

---

1.  These statutes have since been placed in a chapter entitled "Sexually Violent Persons" (instead of "Predators") and renumbered as A.R.S. §§ 36–3701 through 36–3716 (Supp.1998).

¶ 4 The Superior Court held a hearing to determine if probable cause existed to believe that Rineer was a sexually violent person. *See* A.R.S. § 13–4604. On behalf of the defense, a forensic clinical psychologist with training and experience in sexual offender recidivism testified that a diagnosis of pedophilia could not be made on the basis of twenty-year-old mental health evaluations. The court, however, found probable cause and ordered that petitioner be evaluated at the Arizona State Hospital.

¶ 5 Rineer filed both a motion to vacate the order for a mental health examination and a notice invoking his right to remain silent. The trial court denied the motion and ruled that because the proceedings were civil in nature, the constitutional protections against self-incrimination would not entitle petitioner to refuse answering questions posed by the examiners. After Rineer stated that he would not cooperate in a psychological evaluation, the court held him in contempt and sentenced him to jail for two years, or until the contempt was purged.

¶ 6 The court of appeals declined a special action petition. We accepted jurisdiction pursuant to Ariz. Const. art. VI, § 5(1) and Ariz. R. Spec. Act. 8(b).

## ANALYSIS

¶ 7 The petition raises several grounds for relief. We need address only one. A.R.S. § 13–4601(3)(a) specifically lists those sexual crimes which make an offender subject to detention and evaluation. The statute under which Rineer was convicted, former A.R.S. § 13–611, is not among them. Because A.R.S. § 13–4601(3) is not ambiguous, it must be interpreted according to its plain meaning. *See, e.g., State v. Wagstaff,* 164 Ariz. 485, 490, 794 P.2d 118, 123 (1990); *State v. Sweet,* 143 Ariz. 266, 269, 693 P.2d 921, 924 (1985). "[T]he best and most reliable index of a statute's meaning is its language." *Janson v. Christensen,* 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991); *see also State v. Williams,* 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993).

¶ 8 Contrary to the state's argument, former A.R.S. § 13–611 is not the equivalent of the listed offense, A.R.S. § 13–1405 (prohibiting sexual conduct with a minor). Each crime contains elements not found in the other. A.R.S. § 13–1405 requires a mens rea of "intentionally or knowingly," while the law under which Rineer was convicted did not. A.R.S. § 13–611 protected female victims of all ages, while the listed statute covers only minors of both sexes. Moreover, the old rape statute referred to sexual intercourse exclusively. The law criminalizing sexual conduct with a minor includes oral sexual contact. Similar, though not identical, distinctions are present in A.R.S. § 13–1406, the sexual assault statute.

¶ 9 Had it desired to do so, the legislature could easily have included former A.R.S. § 13–611 and other pre–1978 statutes in the list of predicate offenses, just as Kansas did when it adopted SVP laws. *See* Kan. Stat. Ann. § 59–29a02(e)(10)(1997), *amended by* 1998 Kan. Sess. Laws 198 (incorporating "any conviction for a felony offense in effect at any time prior to the effective date of this act, that is comparable to a sexually violent offense as defined [herein] … "). Our lawmakers knew how to speak clearly on this subject, as evidenced by their explicit inclusion of comparable out-of-state convictions. *See* A.R.S. § 13–4601(3)(d).

¶ 10 We note that the 1998 revisions to the SVP statutes still do not contain a provision covering old code offenses. *See* A.R.S. §§ 36–3701 through 36–3716. We cannot presume that this continuing omission is merely an oversight. Because Rineer was not convicted of a predicate offense, he is not subject to the SVP laws in question. The Superior Court erred in finding probable cause. We reverse and remand for proceedings consistent with this opinion.

CHARLES E. JONES, Vice Chief Justice, and STANLEY G. FELDMAN, Justice, FREDERICK J. MARTONE, Justice, and RUTH V. McGREGOR, Justice, concur.