191 P.3d 1040

**Allan YOLLIN, Plaintiff/Appellant,**

v.

**CITY OF GLENDALE, a municipal corporation organized and existing under the laws of the State of Arizona, Defendant/Appellee.**

**No. 1 CA–CV 07–0513.**

Court of Appeals of Arizona, Division 1, Department E.

Aug. 5, 2008.

---

Wattel & York by Michael L. York, Chandler, Attorneys for Appellant.

Nicholas Dipiazza, Deputy City Attorney, City of Glendale, Chandler, Attorneys for Appellee.

Beaugureau, Zukowski, Hancock, Stoll & Schwartz, P.C. by Amy Schwartz, Shimin Luo, Phoenix, Attorneys for Appellee.

Law Offices of Charles M. Brewer, Ltd., by David L. Abney, Phoenix, Attorney for Amicus Curiae, The Arizona Trial Lawyers Association.

## OPINION

KESSLER, Presiding Judge.

¶ 1 Plaintiff Allan Yollin ("Yollin") appeals the decision of the superior court dismissing his personal injury action against defendant City of Glendale ("Glendale"). Yollin alleges error in the court's application of Arizona Revised Statutes ("A.R.S.") section 12–821.01(A) (2003), Arizona's notice of claim statute. We reverse and remand because the court erred in applying the statute.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Yollin filed a notice of claim with Glendale, alleging personal injury resulting from his fall on a sidewalk slickened by fluid which leaked from a Glendale vehicle. Yollin's notice of claim stated that he suffered "injuries to his head, jaw, back, shoulder[,] and pelvic area." His notice listed the names and affiliations of his treating physicians, explained that his treatment was ongoing, and stated that he had to date incurred damages of

$19,400.00 in medical bills. He also claimed lost wages and pain and suffering. Yollin's letter demanded the specific sum of $150,000.00 to settle his claim, expressly stating that in consideration of that sum he would release Glendale and its agents and employees from liability.[1] His letter attached additional materials which would assist Glendale in investigating the complaint, including nearly one hundred pages of medical records detailing his condition, treatment, ongoing suffering, inability to work, and medical bills.

¶ 3 Glendale never responded to the claim notice and Yollin filed a complaint in the superior court to seek recovery for his injury. Glendale moved to dismiss the complaint, alleging failure to comply with the notice of claim statute by not meeting the sum certain requirement and not proffering sufficient facts to support the sum certain. The superior court dismissed the complaint, holding that Yollin's two page letter describing his injuries, along with the attached medical records, did not satisfy the requirements of A.R.S. § 12–821.01(A). Yollin filed a timely notice of appeal, and we have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

## ISSUES ON APPEAL

¶ 4 Yollin argues that the superior court committed legal error in finding that he did not satisfy the statutory sum certain or supporting facts requirements. Yollin argues that $150,000.00 is a definite and certain sum, and that his two page letter and one hundred pages of medical records support his sum certain demand.[2]

¶ 5 Glendale contends that Yollin failed to satisfy the sum certain and supporting facts requirements. Specifically, Glendale contends that $150,000.00 is not a definite amount because Yollin may be willing to settle for a different amount and because he stated he gave the amount to intentionally comply with the notice of claim statute. Glendale further contends that Yollin failed to comply with the notice of claim statute because his two page letter and one hundred pages of medical records were not sufficient to support the amount claimed and because the amount is unreasonably high.

## ANALYSIS

### *Standard of Review*

¶ 6 While Glendale moved to dismiss the complaint pursuant to Ariz. R. Civ. P. 12(b)(6), Yollin attached his notice of claim and one hundred pages of medical records to his response, which the superior court considered. This converted the motion to one for summary judgment. Ariz. R. Civ. P. 12(b). In reviewing an order granting summary judgment, we construe all facts in support of the opponent of the motion and will affirm only if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Lemons v. Showcase Motors, Inc.*, 207 Ariz. 537, 539, ¶ 6, 88 P.3d 1149, 1151 (App.2004).

¶ 7 This case is one of statutory construction. The facts regarding the sufficiency of the notice of claim are undisputed and we review the superior court's decision *de novo*. *Oaks v. McQuiller*, 191 Ariz. 333, 334, ¶ 3, 955 P.2d 971, 972 (App.1998). When construing a statute, we have a duty to construe it properly, and are not limited to the constructions proffered by the parties. *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535, ¶ 18, 169 P.3d 120, 125 (App.2007); *Evenstad v. State,* 178 Ariz. 578, 582, 875 P.2d 811, 815 (App.1993). When applying a statute, we strive to give effect to legislative intent. *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996). The plain

---

1. The last paragraph of Yollin's notice of claim reads as follows:

   For purposes of complying with this claim notice statute, we hereby demand $150,000.00 on behalf of Mr. Yollin. We have stated this number to comply with the "sum certain" requirement of the statute. Obviously, as the remaining records and bills come in, we will be in a better position to intelligently discuss settlement of this matter. In exchange for said payment, we will release the City of Glendale and their agents and employees from any liability associated with this claim.

2. Yollin has also argued that waiver and estoppel preclude Glendale from asserting the notice of claim issue. Because we hold that Yollin complied with the notice of claim statute, we need not reach these issues.

meaning of a statute is the strongest indicator of legislative intent, and anything plain from the face of the statute is finally resolved without need for further inquiry. *Deer Valley Unified Sch. Dist. No. 97 v. Houser,* 214 Ariz. 293, 296, ¶ 8, 152 P.3d 490, 493 (2007); *Rineer v. Leonardo,* 194 Ariz. 45, 46, ¶ 7, 977 P.2d 767, 768 (1999). If a statute is not clear, we may infer its meaning from its purpose. *Martineau v. Maricopa County,* 207 Ariz. 332, 334, ¶ 9, 86 P.3d 912, 914 (App.2004). Finally, we construe a statute as a whole in order to best give effect to the entire statutory scheme. *State v. Thomas,* 217 Ariz. 413, 416, ¶ 9, 175 P.3d 71, 74 (App.2008); *see also Parrot v. DaimlerChrysler Corp.,* 212 Ariz. 255, 258, ¶ 18, 130 P.3d 530, 533 (2006).

## The Notice of Claim Statute

¶ 8 The statutory provision in dispute requires that a notice of claim "shall ... contain a specific amount for which the claim can be settled and the facts supporting that amount." A.R.S. § 12–821.01(A). Yollin stated the specific amount of $150,000.00 for which Glendale could settle the claim, and provided Glendale with a two page summary and one hundred pages of detailed records showing the treatments he received, the cost of the treatments, the type of pain and suffering he experienced, and his inability to work as a massage therapist. We hold that this was sufficient to satisfy both the sum certain and facts supporting requirements of the notice of claim statute. *See Deer Valley,* 214 Ariz. at 296, ¶ 9, 152 P.3d at 493.

## I. Sum Certain

■■ ¶ 9 As noted above, the first statutory requirement is that the notice of claim contain an amount for which the claim can be settled. We begin our statutory analysis with the plain meaning rule. *See Rineer,* 194 Ariz. at 46, ¶ 7, 977 P.2d at 768. We often consult respected dictionaries for the plain meaning of an undefined term in a statute. A.R.S. § 1–213 (2002); *Airport Props. v. Maricopa County,* 195 Ariz. 89, 99, ¶ 36, 985 P.2d 574, 584 (App.1999). Settlement means "[a]n agreement ending a dispute or lawsuit" or "[p]ayment, satisfaction, or final adjustment." Black's Law Dictionary 1405 (8th ed.2004). The sum certain stated in the notice of claim meets the statutory requirement as long as it gives Glendale the ability to reach "an agreement ending [the] dispute or lawsuit" through "payment [or] satisfaction." "Th[e] language unmistakably instructs claimants to include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim." *Deer Valley,* 214 Ariz. at 296, ¶ 9, 152 P.3d at 493. Thus, to satisfy the "sum certain" requirement, the claimant must be willing to let the government finally settle the claim by paying the amount demanded in the notice of claim. *City of Phoenix v. Fields,* No. 1 CA–SA 07–0152, 219 Ariz. 88, 193 P.3d 782, 2008 WL 1796039, at *7, ¶ 19 (Ariz.App. Apr.22, 2008).

¶ 10 Yollin met this requirement. He expressly told Glendale that he would "release the City of Glendale and their agents and employees from any liability associated with th[e] claim" for $150,000.00. While Yollin explained that he was still incurring medical expenses, wage loss and pain and suffering and was willing to negotiate, the terms of the letter were an offer of settlement, and Yollin would have been bound if Glendale had accepted the offer. *See Savoca Masonry Co. v. Homes & Son Constr.,* 112 Ariz. 392, 394, 542 P.2d 817, 819 (1975); *Muchesko v. Muchesko,* 191 Ariz. 265, 269, 955 P.2d 21, 25 (App.1997) (holding that an attorney-proffered offer may bind the client). Yollin even stated that, although he was willing to negotiate, he meant the $150,000.00 settlement offer to comply with the notice of claims statute— meaning that he intended to be bound by the offer if Glendale accepted it. As such, the sum stated here was even more a sum certain than that found to comply with the statute in *Jones v. Cochise County,* 187 P.3d 97, ¶¶ 10–12 (App.2008) (involving a claim that characterized amounts as offers to settle that would be withdrawn in sixty days even though the claim also stated that counsel would recommend the stated amounts to the claimant).

■ ¶ 11 The history and purpose of the claim statute coincide with its plain meaning. The legislature enacted the claim statute as part of a movement to subject government to

reasonable liability. Andrew Becke, Comment, *Two Steps Forward, One Step Back: Arizona's Notice of Claim Requirements and Statute of Limitations Since the Abrogation of State Sovereign Immunity*, 39 Ariz. St. L.J. 247, 252–53 (2007). The claim statute protects the government from excess or unwarranted liability and facilitates settlement of claims by allowing the government to investigate the claim, know a certain amount the claimant will settle for, and budget for settlement or payment of large claims. *See Deer Valley*, 214 Ariz. at 295–96, ¶¶ 6, 9, 152 P.3d at 492–93; *Harris v. Cochise Health Sys.*, 215 Ariz. 344, 351, ¶ 25, 160 P.3d 223, 230 (App.2007); *Martineau*, 207 Ariz. at 335–36, ¶ 19, 86 P.3d at 915–16. The notice of claim statute gives public entities a chance to avoid litigation expenses by investigating and settling before the plaintiff files a complaint. *See Deer Valley*, 214 Ariz. at 295, ¶ 6, 152 P.3d at 492; *State v. Brooks*, 23 Ariz.App. 463, 467, 534 P.2d 271, 275 (1975), *disagreed with on other grounds by Pritchard v. State*, 163 Ariz. 427, 432, 788 P.2d 1178, 1183 (1990).[3] It also provides government a meaningful opportunity to make a settlement decision prior to the initiation of a court proceeding. *Deer Valley*, 214 Ariz. at 295–96, ¶¶ 6, 9, 152 P.3d at 492–93. As in *Jones*, 187 P.3d 97, ¶ 11, nothing in the record shows how the amount here prevented the city "from assessing the possibility of settlement or planning by the language in the notice of claim...."

¶ 12 The plain meaning, purpose, and history of the sum certain requirement speak in unison. The claimant must present the government with a definite amount which he is willing to accept as full satisfaction of his claim. As long as the claimant states a definite and exact amount, and the government may completely satisfy its liability by paying that sum, the claim letter satisfies the sum certain requirement.

¶ 13 Glendale contends that like the sum requested in *Deer Valley*, Yollin's $150,000.00 offer of settlement was not a sum certain. We disagree. The claimant in *Deer Valley* used ambiguous language, describing the damages in "approximate[ ]" terms, and never reaching a single aggregate sum. 214 Ariz. at 296, ¶ 10, 152 P.3d at 493 (emphasis omitted). Equally important, when the claimant stated a figure, she noted she may actually hold out for "more." *Id.* (emphasis omitted). "[H]er damages for emotional distress and harm to her reputation [were] 'no less than' $300,000 and $200,000, respectively." *Id.; cf. Fields*, 219 Ariz. at 90, 193 P.3d at 784, 2008 WL 1796039, at *1–2, ¶ 3 (holding that demands for benefits "not less than 10 million dollars[,]" contributions "greater than 50 million dollars and less than 100 million dollars[,]" and attorneys' fees "not less than $1,500,000.00" were ambiguous and did not satisfy the sum certain requirement) (emphasis omitted).[4] The letter in *Deer Valley* never stated an aggregate sum, and left the government wondering whether the claimant would settle for $1,130,000.00 or would insist on $2,321,600.00. 214 Ariz. at 296, ¶ 11, 152 P.3d at 493; *cf. Fields*, 219 Ariz. at 90, 193 P.3d at 784, 2008 WL 1796039, at *1–2, ¶ 3 (demanding a range of $60,000,000.00 to $110,000,000.00 in damages, plus at least $1,500,000.00 in attorneys' fees); *Dassinger*, 124 Ariz. at 552–53, 606 P.2d at 42–43. In contrast, Yollin unequivocally stated that for the sum of $150,000.00 he would "release the City of Glendale and their

---

**3.** If the claimant later sues for more than he demanded in the claim letter, the government can introduce the claim letter to impeach the claimant. *Hernandez v. State*, 203 Ariz. 196, 198, ¶ 9, 52 P.3d 765, 767 (2002); *Jones*, 187 P.3d at 103 n. 6, ¶ 20. This substantially reduces the probability of a damage award in excess of the sum certain claimed, and enables the government to make settlement and budgeting decisions with a reasonable estimate of its maximum exposure. *See* Keith A. Swisher, Note, *The Limits of Rule 408 After Hernandez*, 35 Ariz. St. L.J. 1437, 1438, 1448–51 (2003).

**4.** In *Dassinger v. Oden*, this Court held that a claim failed to meet the sum certain requirement when demanding unspecified amounts of lost wages and pain and suffering with no single aggregate total. 124 Ariz. 551, 552–53, 606 P.2d 41, 42–43 (App.1979). In *Young v. City of Scottsdale*, this Court tried to clarify *Dassinger* in light of *Hollingsworth v. City of Phoenix*, 164 Ariz. 462, 793 P.2d 1129 (App.1990), to adopt a reasonable estimate standard for the sum certain requirement. 193 Ariz. 110, 113, ¶¶ 10–11, 970 P.2d 942, 945 (App.1998). The Arizona Supreme Court rejected the reasonable estimate standard in *Deer Valley*, 214 Ariz. at 299, ¶ 21, 152 P.3d at 496.

agents and employees from any liability associated with" his claim. Yollin allowed no ambiguity in his demand and complied with A.R.S. § 12–821.01(A) and *Deer Valley*.

¶ 14 Glendale also contends there was no sum certain in the notice of claim because based on the qualification language ("for purpose [sic] of complying with this claim notice statute" and "intelligent discussion of settlement") Yollin might have been willing to settle for a different amount than the $150,000.00 demand. This makes no difference because Yollin would have been bound by his offer of $150,000. Nothing in the statute requires that the claimant's sum certain equal the claimant's *lowest* possible offer and we will not place additional burdens on citizens exercising their right to seek compensation for injuries caused by the government. *See* A.R.S. § 12–821.01(A); *see also State v. Ring*, 131 Ariz. 374, 378, 641 P.2d 862, 866 (1982) ("We will not judicially create an exception to the plain statutory wording."). The legislature has designed an elaborate scheme to protect the public coffer from excess liability and we see no reason to add additional burdens to that scheme. *See In re Estate of Parker*, 217 Ariz. 563, 568–69, ¶ 29, 177 P.3d 305, 310–11 (App.2008) (declining to "judicially create" additional protections where the legislature has already created those it saw adequate).

¶ 15 Adopting Glendale's argument that the amount stated was not a sum certain because it was "merely a starting point for further negotiation" would contradict the plain meaning of the notice of claim statute and undermine the policy underlying Arizona's government entity liability scheme. The notice of claim statute contemplates that the government should have the ability to investigate both liability and damages to "realistically consider a claim." *See Deer Valley*, 214 Ariz. at 296, ¶ 9, 152 P.3d at 493; *see also Harris*, 215 Ariz. at 351, ¶ 25, 160 P.3d at 230; *Martineau*, 207 Ariz. at 335–36, ¶ 19, 86 P.3d at 915–16. If the government concludes that liability exists but damages are

lower than those claimed, claimants should be able to accept a lower amount reached through negotiation. The public policy of this state favors private negotiated settlement of disputes. *Dansby v. Buck*, 92 Ariz. 1, 11, 373 P.2d 1, 8 (1962) ("It has always been the policy of the law to favor compromise and settlement; and it is especially important to sustain that principle in this age of voluminous litigation.") (quoted in *Emmons v. Super. Ct.*, 192 Ariz. 509, 512, ¶ 11, 968 P.2d 582, 585 (App.1998)); *Myers v. Wood*, 174 Ariz. 434, 435, 850 P.2d 672, 673 (App.1992) ("[S]ound legal policy ought to favor compromise and settlement over litigation."); *cf.* Ariz. R. Evid. 408. A willingness to settle for an amount less than the sum certain demanded does not render a claim invalid under A.R.S. § 12–821.01(A).

¶ 16 Yollin mentioned that in the future he would be willing to entertain, and possibly make, other settlement offers. Glendale contends that Yollin's willingness to receive counter-offers "can only be reasonable [sic] interpreted as . . . a starting point for further negotiation" and not "a specific amount for which the claim could be settled." We reject this argument for several reasons. First, regardless of what Yollin might have done in the future, the language of his letter clearly indicated that if Glendale accepted his $150,000 offer, he would release Glendale and its employees from all liability. Thus, while an offer of settlement may pave the way for a counter-offer, 1 Corbin on Contracts § 2.1 (rev. ed.1993), and Yollin may have expected such a counter-offer, that expectation does not change the fact that a sum certain was offered and Yollin would have been bound if Glendale had accepted the $150,000 offer.

¶ 17 Second, Yollin's statement that he will be more able to intelligently discuss settlement as future medical bills come in does not limit the facially unequivocal offer in the sentences immediately before and after the statement. Typically, offerors use more express wording to qualify their apparent offer when they do not wish to be bound.[5] Be-

---

5. Phrases adequate to demonstrate lack of intent to be bound are ordinarily more express. 1 Corbin On Contracts, § 2.1 & n. 3 (rev. ed. 1993) ("I reserve final determination for tomorrow" or

"subject to agreement"). Similarly, bare expressions of hope or intent are not dispositive. *Id.* Yollin unequivocally offered to settle his claim. His language was not of the expressly equivocal

cause the language of the binding offer is *definite* and the allegedly qualifying language is ambiguous at best, we hold that Yollin intended to be bound.

¶ 18 Third, Arizona courts have held that ambiguous expressions of equivocation, if combined with plain offers of settlement, constitute offers and manifest the offeror's intent to be bound. *Cf. Travelers Ins. Co. v. Breese,* 138 Ariz. 508, 512, 675 P.2d 1327, 1331 (App.1983). *Breese* held that language was precatory only in the absence of *any* language requiring the party to forego his right to sue. *Id.* By contrast, in this case there is a single precatory sentence, enclosed by sentences which unequivocally purport to bind Yollin to settlement if Glendale accepts. Yollin's letter gave Glendale an enforceable offer to settle at an exact price and fully satisfied the requirements of the notice of claim statute.

¶ 19 To put it another way, we can measure compliance with A.R.S. § 12–821.01(A) with reference to the principles of contract law. Glendale can settle the claim for the amount requested if Yollin made an offer. "An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Restatement (Second) of Contracts* § 24 (1981). Simply saying "[t]hat book you are holding is yours if you promise to pay me $5 for it" creates an unequivocal offer and gives the offeree power to accept and bind the offeror. *Id.* at cmt. a, illus. 1. Yollin's language was similarly unambiguous.[6]

¶ 20 We hold that Yollin's notice of claim was an offer, and Glendale had the power to accept it, binding Yollin to settle the claim for the amount demanded. He "demand[ed] $150,000.00" and promised to "release the City of Glendale and their agents and employees from any liability associated with this claim." He unequivocally stated an "amount for which the claim can be settled." A.R.S. § 12–821.01(A).

¶ 21 Glendale also contends that Yollin did not state a specific amount of money because he expressly stated that he was making a sum certain offer to comply with the notice of claim statute. It is of no consequence that the claimant states the offer was made "[f] or [the] purposes of complying with th[e] claims notice statute," as the statute was written to be complied with. *See Young,* 193 Ariz. at 114, ¶ 13, 970 P.2d at 946 (noting that clear compliance with the requirements of the notice of claim statute is the hallmark of "[d]iligent claimants"), *overruled on other grounds by Deer Valley,* 214 Ariz. at 299, ¶ 21, 152 P.3d at 496. While merely labeling the amount as compliant with the statute would not necessarily be sufficient, the substance here met the statutory requirement and the reference to the statute underscored that substance. Yollin's compliance with the claim statute provided Glendale an opportunity to settle the claim for a sum certain, to investigate the claim, and to budget for the expense of the claim. His notice of claim fulfilled the meaning and purpose of the statute. By offering to settle for a definite and certain sum, Yollin met the sum certain requirement.

## II. Supporting Facts

¶ 22 The second statutory requirement is that the notice of claim contain "the facts supporting that [specific] amount." A.R.S. § 12–821.01(A). Glendale contends that Yollin's two page letter and one hundred pages of medical records fail to meet the supporting facts requirement. It contends that: (1) this information was not sufficient to permit Glendale to investigate the amount claimed, (2) Yollin's failure to divulge the theory on which he calculated lost wages and to itemize damages is fatal to his claim, and (3) Yollin's sum certain demand was unreasonable in light of the facts proffered, and therefore not compliant with the claim statute.

¶ 23 We hold that the notice of claim met the statutory requirement to provide facts to

---

nature identified in Corbin and was surrounded by an explicit offer to settle.

**6.** This does not mean that a definitive settlement offer is required in all cases. *Fields,* 219 Ariz. at

95, 193 P.3d at 789, 2008 WL 1796039 at *7, ¶ 19.

support the amount claimed. Not only does the statute not require "sufficient" facts to support the amount claimed beyond the narrow circumstance when no facts are provided, but the statute requires only facts, not theories, to support the claim, the notice of claim statute does not require itemization, and the statute does not call for inquiry into the reasonableness of a sum certain demand. Rather, the court must merely decide whether the demand is supported by the facts proffered. Accordingly, Yollin complied with the supporting facts requirement.

¶ 24 In *Backus v. State,* 1 CA–CV 07–0640 and 1 CA–CV 07–0671, 220 Ariz. 141, 204 P.3d 399, 2008 WL 2764601 (Ariz.App. July 17, 2008), this Court analyzed the statutory requirements of section 12–821.01(A) and held that short of providing no facts to support the claim amount, the statute did not require a claimant to provide "sufficient" facts to support the amount. *Id.* at 146, 204 P.3d at 404, 2008 WL 2764601 at *4–5, ¶¶ 16–19. The court reasoned that the second sentence of the statute (nature of the claim) required "sufficient facts" for the public entity or employee to understand the basis of the claim, but the third sentence dealing with facts which "supported" the amount claimed, did not contain the word "sufficient." As the court noted, it should not read the "sufficient" language from the second sentence into the third sentence. *Id.* at 146, 204 P.3d at 404, 2008 WL 2764601 at *5, ¶ 19. The court also held that under *Deer Valley,* 214 Ariz. at 297 n. 3, ¶ 11, 152 P.3d at 494 n. 3, the most that can be read into the third sentence is that when no facts support the amount claimed, the notice is insufficient. *Backus,* 220 Ariz. at 146, 204 P.3d at 404, 2008 WL 2764601, at *5, ¶ 18. We agree the word "sufficient" cannot be read into the third sentence of the statute.

¶ 25 This conclusion is consistent with the underlying purpose of the notice of claim statute. The requirement that the notice of claim shall contain "the facts supporting that amount" fosters the government's ability "to evaluate the amount claimed." *Deer Valley,* 214 Ariz. at 296, ¶ 9, 152 P.3d at 493. The purpose of this requirement is to

prevent "quick unrealistic exaggerated demands." *Id.* (quoting *Hollingsworth,* 164 Ariz. at 466, 793 P.2d at 1133). In other words, the purpose of the supporting facts requirement is to allow government entities to investigate the scope of their liability and discern the reasonableness of the sum certain demanded. *See id.; Backus,* 220 Ariz. at 147, 204 P.3d at 405, 2008 WL 2764601, at *6, ¶ 24. The claim statute anticipates that government entities will investigate claims, and the supporting facts requirement is intended to be a relatively light burden on claimants, just enough to facilitate the government's investigation. *Deer Valley,* 214 Ariz. at 296, ¶ 9, 152 P.3d at 493. Requiring claimants to speculate about the future would not serve the statutory purpose of facilitating investigation because the statute anticipates that governments will sometimes draw contrary inferences to those the plaintiff makes. *See id.* Claimants need not engage in the heavy burden of completing an entire investigation for the government, but merely facilitate "realistic[ ] consider[ation]." *Id.*

¶ 26 Nor does the statute require that the claimant provide theories to support the claimed amount, but only facts. The claim statute does not define "fact" so we begin our evaluation of Glendale's position by referring to well respected dictionaries. *See* A.R.S. § 1–213; *Airport Props.,* 195 Ariz. at 99, ¶ 36, 985 P.2d at 584. A fact is "[a]n actual or alleged event or circumstance, as distinguished from its legal effect, consequence, or interpretation." Black's Law Dictionary 628 (8th. ed.2004); *see also* 1 The Compact Edition of the Oxford English Dictionary 947 (1971) ("[s]omething that has really occurred ... as opposed to what is merely inferred, or to a conjecture").

¶ 27 The plain meaning of the statute and its purpose alike support the inference that the supporting facts requirement demands a recitation of how past events harmed the claimant and led to his offer. After explaining the nature and circumstances of his injury, Yollin did not need to disclose every possible fact supporting his offer, including how to calculate his pain and suffering. A notice of claim does not require trial level proof of damages or a disclosure

statement sufficient to satisfy Rule 26.1, Arizona Rules of Civil Procedure. Indeed, given the short time-frame within which a notice of claim must be filed, requiring a description of facts supporting the amount of the claim more than to the extent possible given this time-frame would not be consistent with the statutory language ("facts" supporting that amount) nor the statutory purpose. *Backus,* 220 Ariz. at 147, 204 P.3d at 405, 2008 WL 2764601, at *5, n. 6, ¶ 21; *Jones,* 187 P.3d at 103, ¶ 19.

¶ 28 In this case, Yollin supplied his medical records describing the effect of the injury on his life, including the type and continuing nature of pain he experienced, the restrictions it placed on his movement, and his inability to remain employed as a massage therapist after his injury. This was sufficient to comply with the supporting facts requirement.

¶ 29 Yollin's notice of claim clearly provided the exact amount of his medical costs to date. It also provided an adequate description of his pain and suffering by giving a reasonable summary of the condition, noting that Yollin experiences "jaw pain[,] ... headaches, low[er] back pain, and right shoulder pain." The medical records attached to the letter include descriptions of how the pain progressed over time. On March 30, 2006, Yollin's pain was in the "lower back going down into [his] legs" and "all across [his] buttocks." Glendale knew that on May 2, 2006 Yollin's pain was "consistent and [went] straight from [his] jaw to [his] head causing headaches and earaches." Descriptions such as these provided Glendale ample opportunity to review the history and type of Yollin's suffering, determine whether it accepted the credibility of Yollin's descriptions, and decide whether to pay his demanded sum or further investigate the claims.

¶ 30 Similarly, Yollin provided adequate information for Glendale to "realistically consider" his lost wage claim. *See Deer Valley,* 214 Ariz. at 296, ¶ 9, 152 P.3d at 493. Glendale contends that Yollin's claim letter did not include his occupation prior to the injury. Yollin's records revealed that prior to the injury he worked as a massage therapist. Several other places in the attached records note Yollin's unemployment due to what he describes as a disability. Yollin's records indicate that he was seeking pain management treatment on June 26, 2006, a time when Yollin considered himself disabled. His pain rated an eight on a scale of one to ten, and he experienced it about seventy percent of the time. The suffering from the accident caused Yollin pain when he tried to move. Glendale could reasonably investigate whether pain on movement was severe enough to inhibit his ability to work as a massage therapist. Glendale had knowledge of the type of work Yollin performed, evidence of his continued inability to work after the accident, and descriptions of his injuries that would have allowed Glendale to assess the reasonability of Yollin's not working under those conditions. Given the short time frame for the notice and the fact that treatment was on-going, an exact figure of lost wages was not required, the facts given were sufficient to adequately facilitate Glendale's investigation. *See Backus,* 220 Ariz. at 147, 204 P.3d at 405, 2008 WL 2764601, at *5, ¶ 21 (a standard upon which to base sufficiency of facts for specific damages is "not only impossible to predict but also impractical to adjudicate").[7]

¶ 31 Glendale also contends that the absence of a method of calculation in the claim letter is fatal to Yollin's claim for lost wages. The statute does not require disclosure of a mathematical formula, merely the facts supporting the claim. "Facts" does not include a disclosure of inferences made or speculations that claimants may find weighty. The formulas or calculations used in computing the value of a lost wage claim can be complicated, abstract, and laden with questionable inferences. *See Deer Valley,* 214 Ariz. at 296–97, ¶¶ 10–11, 152 P.3d at 493–94 (noting the difficulty in determining the amount due in lost wages where future pay is speculative). The amount Yollin would have made absent the injury is speculative and the statute does not require Yollin to conjecture on these issues. It is enough if he describes

---

**7.** Moreover, even if the lost wage portion of the claim was not supported by facts, nothing in the statute bars the rest of the claim which met the statutory requirements.

facts as to why he is his unable to continue his employment as a massage therapist.

¶ 32 In the context of applying the sum certain requirement, some cases have held that the burden of reaching these kinds of inferences and conjectures cannot be placed on the government. *See id.; Fields*, 219 Ariz. at 95, 193 P.3d at 789, 2008 WL 1796039, at *7, ¶¶ 19–20. These cases hold that governments do not have the responsibility to wade through complex calculations to arrive at a sum certain as a substitute for claimants complying with the statute. *See Deer Valley*, 214 Ariz. at 296–97, ¶¶ 10–11, 152 P.3d at 493–94; *Fields*, 219 Ariz. at 95, 193 P.3d at 789, 2008 WL 1796039, at *7, ¶¶ 19–20. Notice is aimed in part at giving the government sufficient information to investigate the claim and the sum certain, not to disclose every single fact which the claimant may be able to discover. In contrast to the above cases involving complex calculations, Yollin satisfied the supporting facts requirement by providing sufficient information to allow an investigation of the claim and sum certain.

¶ 33 Any possible investigation that Glendale might have decided to undertake based on these facts would have been minor compared to that in *Deer Valley* and *Fields*. First, Yollin complied with the sum certain requirement and gave the government the benefit of a settlement offer to refer to in any possible investigation. Investigating Yollin's claim involves damage to one person, as opposed to damages to a class of unknown size. *Fields*, 219 Ariz. at 95, 193 P.3d at 789, 2008 WL 1796039, at *7, ¶ 20. Yollin provided substantial details to support the government's investigation of his damages, as opposed to the claimant in *Deer Valley*, who provided no facts supporting a substantial portion of her claim. 214 Ariz. at 297 n. 3, ¶ 11, 152 P.3d at 494 n. 3.

■■■ ¶ 34 Glendale also argues that the claim statute contains an implicit, unwritten requirement that claimants itemize their damages. We agree with *Jones*, 187 P.3d at 102, ¶ 17, that the statute does not require

the notice to provide a specific calculation of each element of damage but only a total amount. " '[F]undamental principles of statutory construction' do not allow us to ignore the 'clear and unequivocal' language of the statute . . . ." *Deer Valley*, 214 Ariz. at 299, ¶ 21, 152 P.3d at 496 (quoting *Janson on Behalf of Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991)). In this case the unequivocal language of the statute requires "a specific amount" but says nothing about itemization. A.R.S. § 12–821.01(A). When the legislature wants itemization, it has shown itself capable of requiring it. *See* A.R.S. § 11–622(A) (2001) (requiring "an itemized claim . . . stating minutely what the claim is for, specifying each item, the date and amount of each item and stating that the claim and each item of the claim is justly due" in claims against a county). The legislature has mandated that procedure for counties, but not for other government entities. The legislature has used no such language in this statute, and we will not graft unwritten requirements onto the claim statute.

¶ 35 Glendale also argues that the sum certain Yollin submitted is unreasonably high and not an amount "for which the claim *can be* settled." A.R.S. § 12–821.01(A) (emphasis added). Specifically, Glendale claims that the allegedly excessive ratio of accrued medical expenses to total damages demanded violates an implicit reasonableness requirement.[8] Because of the allegedly excessive demand, Glendale contends that the claim cannot be settled for that amount.

¶ 36 Glendale misconstrues the statutory requirement for supporting facts to require a judge to determine as a matter of law that a sum certain is reasonable. While a claimant and a government entity may disagree about what amount a claim "can" be settled for, a court can only determine whether the facts presented in the claim are sufficient to allow the claim to be investigated and possibly settled, not what a "reasonable" settlement might be. In *Deer Valley*, the supreme court noted that the supporting facts requirement discourages "unrealistic exaggerated de-

---

8. Glendale has actually argued that this alleged deficiency relates to the sum certain requirement. Because it relates more strongly to the supporting facts requirement, we will analyze Glendale's argument in this context.

mands"; it did not hold that a court has to determine whether the amount is reasonable. 214 Ariz. at 296, ¶ 9, 152 P.3d at 493. All a court must do is determine if the notice provides supporting facts to permit a governmental entity to investigate and substantively evaluate the factual basis for the sum certain.

¶ 37 We find the supporting facts here fall on the side of the line allowing a substantive investigation and evaluation by the City. At the time Yollin submitted his notice of claim, he had accrued $19,400.00 in medical expenses, and his treatment was still ongoing. He had been unable to work for several months. He had experienced substantial pain and suffering. Pain and suffering are difficult to assess and require only a "rough correspondence" with the amount of actual damages. *Restatement (Second) of Torts* § 903 cmt. A (1979). Pain and suffering awards in excess of ten times the actual medical expenses may be reasonable. *Acuna v. Kroack,* 212 Ariz. 104, 114–15, ¶¶ 38–39, 128 P.3d 221, 231–32 (App.2006). Yollin demanded $150,000.00, or 7.732 times his accrued medical expenses. The ratio between specific damages and pain and suffering is even less given his lost wages and ongoing treatment. Yollin's demand was supported by the facts presented in his notice of claim. *See also Backus,* 220 Ariz. at 147, 204 P.3d at 405, 2008 WL 2764601, at *6, ¶¶ 22–23 (general damages in a negligence case relate to

things that cannot be objectively measured with certainty, such as pain, and are by nature subjective to the claimant, precluding a standard to determine whether "sufficient" facts are presented to determine the basis for that portion of the claim).

¶ 38 Yollin met the supporting facts requirement by submitting the historical events and circumstances underlying his claim and how they supported his settlement offer. His notice fulfilled the purpose of the supporting facts requirement.

## CONCLUSION

¶ 39 For the aforementioned reasons, we hold that Yollin has complied with the claim statute. We reverse the judgment of the superior court dismissing this case and remand for further proceedings consistent with this opinion.[9]

CONCURRING: PATRICIA A. OROZCO, Judge and MAURICE PORTLEY, Judge.

---

9. We will not address new issues raised by the amicus curiae. *See Ruiz v. Hull,* 191 Ariz. 441,

446, ¶ 15, 957 P.2d 984, 989 (1998).