IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TERRY YAHWEH, *Plaintiff/Appellant,*

*v.*

CITY OF PHOENIX, *Defendant/Appellee.*

No. 1 CA-CV 16-0270
FILED 7-11-2017

Appeal from the Superior Court in Maricopa County
No. CV2015-011887
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

COUNSEL

Terry Yahweh, Chandler
*Plaintiff/Appellant*

Sanders & Parks, P.C.
By Mark G. Worischeck, Anoop Bhatheja, Phoenix
*Counsel for Defendant/Appellee*

**OPINION**

Judge James P. Beene delivered the opinion of the Court, in which Presiding
Judge Diane M. Johnsen and Judge Margaret H. Downie joined.

**B E E N E**, Judge:

¶1        Terry Yahweh appeals from the superior court's ruling dismissing his complaint against the City of Phoenix ("the City"). Because Yahweh's notice of claim did not include a sum-certain settlement offer as required by A.R.S. § 12-821.01, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        We assume the truth of all well-pleaded factual allegations and draw all reasonable inferences from those facts. *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012). Yahweh worked as a detective for the Phoenix Police Department ("the Department") for many years, but his relationship with the Department began deteriorating in 2009, and in 2014, Yahweh's employment with the Department ended. In November 2014, the Department issued a summary of Public Standards Bureau Report #PSB14-0096, which Yahweh contends included defamatory statements about him. As a result of the report, Yahweh's name was added to the "Brady List" of police officers who have been implicated in professional misconduct.[1]

¶3        In May 2015, Yahweh delivered a Notice of Claim letter ("NOC") to the City, alleging defamation and violations of the Family Medical Leave Act. The relevant portion of the NOC stated:

> The Claimant will be bringing legal action against the Phoenix Police Department and the City of Phoenix seeking damages for 1.5 million dollars, as the Claimant planned to earn for the next ten years and these were his projected earnings. He is suing for defamation of his character in the public, as the PSB report is a public record, and among his peers, and it has affected his earning potential to obtain employment. He will also be bringing action for violations of the Family Medical Leave Act.

---

[1]        Prosecutors are required to disclose to criminal defendants police accused of professional misconduct, and a list of officers so defined is called a "Brady List." *See generally Brady v. Maryland*, 373 U.S. 83 (1963) (holding that prosecutors must provide exculpatory evidence to criminal defendants).

In order to obtain an agreeable resolution to this matter, contact his lawyer Jess Lorona Esq., promptly.

¶4        The City did not respond to the NOC, and by statute the City's failure to respond was deemed a denial after sixty days. Ariz. Rev. Stat. ("A.R.S.") § 12-821.01(E) (2017).[2] In November 2015, Yahweh filed a complaint against the City, alleging defamation, false light and due process violations. The City moved to dismiss pursuant to Arizona Rule of Civil Procedure 12(b)(6), arguing Yahweh's claims were barred for failure to file a proper NOC in accordance with A.R.S. § 12-821.01. The superior court granted the motion, finding that Yahweh did not make a valid settlement offer as required by § 12-821.01(A).

¶5        Yahweh timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(B) (2017).

## DISCUSSION

¶6        We review *de novo* the dismissal of a complaint under Rule 12(b)(6) and whether a notice of claim complies with statutory requirements. *Coleman*, 230 Ariz. at 355, ¶ 7; *Jones v. Cochise County*, 218 Ariz. 372, 375, ¶ 7 (App. 2008) (citations omitted). Dismissal is appropriate under Rule 12(b)(6) only if, "as a matter of law . . . plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Coleman*, 230 Ariz. at 356, ¶ 8 (citation omitted).

¶7        Before suing an Arizona public entity, a claimant must submit a NOC that complies with § 12-821.01. *See Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 62, ¶ 23 (App. 2010). A proper NOC must "contain a specific amount for which the claim can be settled and the facts supporting that amount." A.R.S. § 12-821.01(A). "This language unmistakably instructs claimants to include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim." *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 296, ¶ 9 (2007).

¶8        The claim is barred if the claimant fails to present a valid settlement offer to the public entity he or she wishes to sue. *Id.* "An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." Restatement (Second) of Contracts § 24 (1981). The amount a plaintiff will accept to settle litigation is rarely based

---

[2]        Absent material revision after the relevant date, we cite a statute's current version.

on questions of liability alone, but includes factors such as the cost of litigation and the anticipated trial verdict. *See Deer Valley Unified Sch. Dist. No. 97*, 214 Ariz. at 297, ¶ 14 (citing *State v. Brooks*, 23 Ariz. App. 463, 467 (1975)). Simply reciting the amount a claimant will demand in a complaint is insufficient to satisfy § 12-821.01, because such a statement does not express a willingness to accept a specific sum in settlement.

¶9 Yahweh's NOC lacked the sum-certain settlement offer required by § 12-821.01. While the NOC stated Yahweh would sue for $1.5 million for loss of projected earnings, it made no mention of the amount of damages he would seek for his Family Medical Leave Act claim. Furthermore, there was no indication in the NOC demonstrating a willingness to settle all claims against the City for any stated amount.

¶10 Yahweh argues his obligation was satisfied because the NOC instructed the City to contact his lawyer to "obtain an agreeable resolution to this matter." Even assuming, as Yahweh suggests, that the term "resolution" means settlement, that portion of the NOC is still not a valid offer. The statement shows no intent to be bound; rather, it is an invitation to bargain for a yet-undefined settlement amount.

¶11 Yahweh relies on *Yollin v. City of Glendale*, 219 Ariz. 24 (App. 2008), to support his contention that the NOC he delivered to the City contained a valid settlement offer. In *Yollin*, a claimant filed a NOC that expressly stated he would settle all claims for a specified amount, but indicated that his total damages were subject to change due to ongoing medical expenses. *Id.* at 30, ¶ 16. This Court concluded that "ambiguous expressions of equivocation, if combined with plain offers of settlement, constitute offers and manifest the offeror's intent to be bound." *Id.* at 24, ¶ 18. Yahweh's NOC did not contain a settlement offer like that in *Yollin*. Instead, Yahweh's NOC included a series of ambiguous statements that merely informed the City of the amount Yahweh intended to demand in litigation, not a sum-certain settlement offer. There were no words of intent in the NOC granting the City the power to settle all of Yahweh's claims for a particular and certain amount of money.

¶12 Yahweh argues any deficiencies with his NOC could have been cured easily if the City had requested clarification. Public entities in Arizona are not duty-bound to assist claimants with statutory compliance. *See Backus v. State*, 220 Ariz. 101, 107 ¶ 28 (2009) (A public entity is not required to request additional facts when a claimant's NOC is deficient.). Rather, a claimant must strictly comply with § 12-821.01, and "[c]ompliance with this statute is not difficult." *Deer Valley Unified Sch. Dist. No. 97*, 214

Ariz. at 296, ¶ 9. Yahweh did not present the City with a valid, sum-certain settlement offer, and accordingly his claims were barred.

## CONCLUSION

¶13        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA