CATTANI, Judge:
¶ 1 Loretta Donovan appeals from the superior court's entry of summary judgment in favor of Yavapai County Community College District dba Yavapai College ("Yavapai College") based on Donovan's purported failure to comply with Arizona's notice of claim statute, Arizona Revised Statutes ("A.R.S.") § 12-821.01. Donovan's notice of claim described multiple causes of action against multiple public entities but set forth only a single settlement amount-$450,000-rather than making a separate settlement demand on each entity. Because the notice of claim unequivocally set forth a definite and exact amount by which any of the entities could completely satisfy its liability, however, the notice satisfied the statutory requirement of a "specific amount for which the claim can be settled." See A.R.S. § 12-821.01(A). Accordingly, we reverse and remand for further proceedings.
*405 FACTS AND PROCEDURAL BACKGROUND
¶ 2 The Northern Arizona Council of Governments (the "Council") employed Donovan at the Prescott Valley Head Start program. She worked in a building owned by the Council located on land leased from Yavapai College. In fall 2014 and spring 2015, Donovan saw mold in the building, and exposure to the mold allegedly resulted in her physical injury. At some point after Donovan complained to the Council about the mold and the Council's failure to remedy the problem, she was fired.
¶ 3 On October 16, 2015, Donovan sent a notice of claim to Yavapai College, the Council, and several other government agencies and officials. She alleged that (1) the Council was liable for wrongfully discharging her in violation of Arizona public policy, and (2) Yavapai College, as the land owner, was liable to her "under the law of premises liability and negligent supervision." The letter did not set forth any specific claims against the other recipients. Donovan's letter stated that she would "accept the sum of $450,000 as full and final settlement." The offer was not accepted, and six months passed.
¶ 4 Donovan then sued Yavapai College asserting, consistent with the notice of claim, causes of action grounded in premises liability and negligence. Yavapai College moved for summary judgment, urging that Donovan's notice of claim had failed to identify a specific sum that she would accept from Yavapai College individually to settle her claim against it. The superior court granted summary judgment, ruling that the notice of claim did not comply with Arizona law because it "did not apportion a demand to reflect the amount sought from the Defendant Yavapai College to settle the claim" and therefore left Yavapai College "unable to evaluate its own liability."
¶ 5 Donovan timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).
DISCUSSION
¶ 6 Summary judgment is proper if there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a) ; Orme Sch. v. Reeves , 166 Ariz. 301, 305, 802 P.2d 1000, 1004 (1990). We review summary judgment de novo, viewing the facts in the light most favorable to the party against whom judgment was entered, to "determine whether any genuine issues of material fact exist and whether the court properly applied the law." Havasupai Tribe v. Ariz. Bd. of Regents , 220 Ariz. 214, 223, ¶ 27, 204 P.3d 1063, 1072 (App. 2008) ; see also Yollin v. City of Glendale , 219 Ariz. 24, 27, ¶ 6, 191 P.3d 1040, 1043 (App. 2008).
¶ 7 A notice of claim that satisfies A.R.S. § 12-821.01 is a necessary prerequisite to filing a lawsuit against a public entity. See Deer Valley Unified Sch. Dist. No. 97 v. Houser , 214 Ariz. 293, 295, ¶ 6, 152 P.3d 490, 492 (2007) ; see also A.R.S. § 12-821.01(A). The purpose of the statute is to provide the entity an opportunity to investigate the claim, to assess its potential liability, to reach a settlement before litigation, and to budget and plan. Havasupai , 220 Ariz. at 223, ¶ 30, 204 P.3d at 1072 (citing Deer Valley , 214 Ariz. at 295, ¶ 6, 152 P.3d at 492 ). The notice of claim thus must contain a sufficient description of the facts underpinning the entity's alleged liability, together with a "specific amount for which the claim can be settled." A.R.S. § 12-821.01(A) ; see also Deer Valley , 214 Ariz. at 296, ¶ 9, 152 P.3d at 493. The settlement offer must reflect a "manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." Yollin , 219 Ariz. at 31, ¶ 19, 191 P.3d at 1047 (quoting Restatement (Second) of Contracts § 24 (1981) ).
¶ 8 The superior court determined that Donovan's notice of claim did not comply with the statutory "specific amount" requirement because it described more than one cause of action against more than one public entity, but set forth only a single, overarching settlement amount rather than an apportioned offer specific to Yavapai College alone. But notwithstanding the multiple causes of action against multiple entities, Donovan's notice of claim unequivocally offered to settle for a specific amount:
*406 Although the liability will far exceed the amount of this claim, the Claimant will settle for less than the full value of her damages to avoid both sides incurring substantial legal costs and fees. It is the Claimant's hope that those looking at this claim will make every effort to resolve this claim quickly and efficiently to avoid legal fees and costs. The Claimant will accept the sum of $450,000 as full and final settlement .
(Emphasis added.)
¶ 9 Yavapai College urges that Donovan's single $450,000 demand "clearly suggested" that it was the total settlement amount for multiple causes of action against multiple entities, and that the notice of claim was insufficient because it failed to specify a lesser amount for which Yavapai College alone could settle. But the offer that Donovan would "accept the sum of $450,000 as full and final settlement" established that sum as "a definite and exact amount" that Yavapai College could pay to "completely satisfy its liability." Yollin , 219 Ariz. at 29, ¶ 12, 191 P.3d at 1045. No more is required. Id. ; see also Deer Valley , 214 Ariz. at 296, ¶ 9, 152 P.3d at 493 (describing the sum certain requirement as an instruction "to include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim").
¶ 10 The notice of claim statute does not require that the proffered settlement amount be objectively reasonable; it simply requires a statement of a specific settlement amount with supporting facts. Deer Valley , 214 Ariz. at 296, ¶ 9, 152 P.3d at 493. When a claimant demands an amount that the public entity deems unreasonable, nothing prevents the public entity from attempting to negotiate settlement for a lesser amount or from collaborating with other parties to reach a global settlement. But by virtue of a proper notice of claim, the public entity remains assured that, for the specific amount stated (reasonable or otherwise), it can satisfy its liability.
¶ 11 Because Donovan's notice of claim provided a definite and exact amount for which Yavapai College could settle, the superior court erred by concluding that the notice of claim failed to satisfy the requirements of § 12-821.01(A) and by entering summary judgment in favor of Yavapai College on that basis.
CONCLUSION
¶ 12 For the foregoing reasons, we reverse the judgment and remand for further proceedings.