NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CHARLES ANDERSON, *Plaintiff/Appellant*,

*v.*

CITY OF WINSLOW, *Defendant/Appellee.*

No. 1 CA-CV 22-0518
FILED 5-9-2023

Appeal from the Superior Court in Navajo County
No. S0900CV202100305
The Honorable Melinda K. Hardy, Judge

**AFFIRMED**

APPEARANCES

Charles Anderson, Winslow
*Plaintiff/Appellant*

Doyle Hernandez Millan, Phoenix
By William H. Doyle, Brandon D. Millan, Nathan R. Andrews
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which
Judge Brian Y. Furuya and Judge Andrew M. Jacobs joined.

**G A S S**, Vice Chief Judge:

¶1         Anderson appeals the superior court's grant of the City of Winslow's motion for judgment on the pleadings. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2         On July 16, 2020, Anderson felt knee pain after he fell on a city sidewalk in Winslow, Arizona. A month later, Anderson sought treatment at a hospital emergency department for knee pain and returned home the same day. At the end of August, he saw his primary care physician who suspected a torn ligament and disc in his knee. Following that appointment, Anderson underwent an x-ray exam and magnetic resonance imaging which showed a diminutive tear in his meniscus. His doctor scheduled surgery in February 2021.

¶3         On January 11, 2021 (179 days after his fall) Anderson filed a notice of claim (NOC) with Winslow. The NOC said: "Claimant will settle for $250,000.00 in addition to reasonable medical cost[s] and attorneys' fees." Anderson also described the location of his fall and said he "hyperextended his right knee and sustain[ed] serious injuries to his person." He included medical information about his trip to the emergency department, visit with his doctor, imaging, and upcoming surgery. His portion of the attached bills totaled about $1,600. Anderson included no information about his ability to work, pain and suffering, or any other information about his costs.

¶4         When Winslow did not respond, Anderson filed a complaint *in propria persona* on July 14, 2021. Winslow moved for judgment on the pleadings alleging Anderson's NOC did not comply with A.R.S. § 12-821.01, thus barring his claim. Anderson responded he specifically asked for $250,000 to settle. The superior court found Anderson failed to state a "specific amount for which the claim can be settled" because he included the language: "in addition to reasonable medical cost[s] and attorneys' fees" and did not include facts supporting the requested amount. For these reasons, the superior court granted Winslow's motion for judgment on the pleadings and barred Anderson's claim.

¶5         This court has jurisdiction over Anderson's timely appeal under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and -2101.A.1.

**ANALYSIS**

**¶6**        To begin, Winslow argues Anderson waived all his arguments on appeal because he appropriated unrelated arguments taken from a brief in another case. Winslow is correct—Anderson appears to have copied most of his argument from the opening brief in *Donovan v. Yavapai County Community College District*, 244 Ariz. 608 (App. 2018). Anderson, thus, made arguments unrelated to his case which he did not raise to the superior court.

**¶7**        Anderson, however, validly appeals the superior court's grant of Winslow's motion for judgment on the pleadings. Because Anderson's other arguments are unrelated to this case and he did not present them to the superior court, we find Anderson waived them on appeal. *See Contreras Farms Ltd. LLC v. City of Phoenix*, 247 Ariz. 485, 489 ¶ 13 (App. 2019). We address his compliance with A.R.S. § 12-821.01 below.

**¶8**        "A motion for judgment on the pleadings . . . tests the sufficiency of the complaint, and a defendant is entitled to judgment if the complaint fails to state a claim for relief." *Mobile Cmty. Council for Progress, Inc. v. Brock*, 211 Ariz. 196, 198 ¶ 5 (App. 2005) (cleaned up). In reviewing a grant of a motion for judgment on the pleadings, this court accepts the complaint's allegations as true and reviews the superior court's legal conclusions *de novo. See Muscat by Berman v. Creative Innervisions LLC*, 244 Ariz. 194, 197 ¶ 7 (App. 2017).

**¶9**        Anderson argues his NOC stated he would accept $250,000 to settle. Winslow contends Anderson did not accurately portray his NOC because he did not include the "actual language" of the NOC: "Claimant will settle for $250,000.00 *in addition to reasonable medical cost[s] and attorneys' fees*." (Emphasis added.) Winslow also contends the italicized language above made it "impossible" to determine the specific amount for which Anderson would settle his claim.

**¶10**        To pursue legal action against a public entity in Arizona, an individual must file a valid NOC within 180 days of the cause of action. *See* A.R.S. § 12-821.01. A valid claim must "contain a specific amount for which the claim can be settled and the facts supporting that amount." A.R.S. § 12-821.01.A. "This language unmistakably instructs claimants to include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim." *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 296 ¶ 9 (2007). Qualifying language like

"approximately," "or more," and "no less" make it "impossible to ascertain a precise amount." *Id.* at 296 ¶ 10.

¶11     A claimant complies with the sum certain requirement if the claimant makes an offer. *Yollin v. City of Glendale*, 219 Ariz. 24, 31 ¶ 19 (App. 2008). "An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Id.* (quoting Restatement (Second) of Contracts § 24 (1981)).

¶12     Anderson's NOC included a minimum sum that would increase with "reasonable medical cost[s] and attorneys' fees." He included no documents showing what the future costs would be but did include his future scheduled knee surgery. Nothing in the NOC provided a maximum, or precise, amount for which Anderson would settle. Anderson's NOC, thus, effectively requested $250,000 *or more* and did not satisfy the sum certain requirement. *See Deer Valley*, 214 Ariz. at 296 ¶ 9; *see also Yahweh v. City of Phoenix*, 243 Ariz. 21, 23 ¶ 11 (App. 2017) (finding a series of ambiguous statements of the amount plaintiff intended to demand in litigation not a sum certain); *Jones v. Cochise Cnty.*, 218 Ariz. 372, 375 ¶ 8 (App. 2008) (finding the amount an attorney would recommend for settlement not a sum certain). Because Anderson's NOC was not an offer, the superior court did not err in granting Winslow's motion for judgment on the pleadings.

¶13     Lastly, Winslow asks this court to sanction Anderson for the "cumulative effect" of his copying arguments from an unrelated case and noncompliance with ARCAP 13 because it "transmuted his appeal from meritless to frivolous." This court may impose sanctions on a party "if it determines that an appeal or a motion is frivolous." ARCAP 25. And this court holds self-represented parties to the same standard as attorneys. *See Flynn v. Campbell*, 243 Ariz. 76, 83 ¶ 24 (2017). Though ignorance does not excuse a self-represented litigant from complying with procedural rules, it may show a litigant made a mistake, rather than a "deliberate strategic decision." *See id.* at 84 ¶ 25. In the exercise of our discretion, we decline to impose a sanction against Anderson, finding his actions were not deliberate attempts to evade court procedures.

## ATTORNEY FEES AND COSTS

¶14     Because Anderson is not the prevailing party, we deny his request for costs. *See* A.R.S. § 12-341.

**¶15**     As the prevailing party, Winslow seeks attorney fees and costs under ARCAP 21 and 25. As to ARCAP 21, we deny Winslow's request for attorney fees because it provides no substantive basis for it. *See Smyser v. City of Peoria*, 215 Ariz. 428, 442 ¶ 50 (App. 2007). Under ARCAP 25, this court may, as a sanction, award attorney fees and costs, if "appropriate in the circumstances of the case, and to discourage similar conduct in the future." As discussed above, we exercise our discretion not to sanction Anderson. As the prevailing party, Winslow may recover its costs upon compliance with ARCAP 21.

## CONCLUSION

**¶16**     We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA