13 P.3d 1198

Alejandra SOTOMAYOR and Salvador Gabaldon, Petitioners,

v.

Brenda BURNS, President of the Arizona Senate and Co–Chair of the Legislative Council; Jeff Groscost, Speaker of the Arizona House of Representatives and Chair of the Legislative Council; Representative Lori Daniels, member of the Legislative Council; Representative Herschella Horton, member of the Legislative Council; Representative Marilyn Jarrett, member of the Legislative Council; Representative John Loredo, member of the Legislative Council; Representative Robert McLendon, member of the Legislative Council; Representative Jim Weiers, member of the Legislative Council; Senator Russell Bowers, member of the Legislative Council; Senator Jack Brown, member of the Legislative Council; Senator Chris Cummiskey, member of the Legislative Council; Senator Ann Day, member of the Legislative Council; Senator Darden Hamilton, member of the Legislative Council; Senator Peter Rios, member of the Legislative Council; Betsey Bayless, Secretary of State; all in their official capacities, Respondents–Real Parties in Interest.

No. CV–00–0305–SA.

Supreme Court of Arizona, In Division.

Dec. 8, 2000.

Mexican American Legal Defense and Educational Fund by Vibiana Andrade, Thomas A. Saenz, Hector O. Villagra, Los Angeles, Attorneys for Petitioners.

Janet A. Napolitano, Attorney General by W. Scott Bales, Joseph A. Kanefield, Phoenix, Attorneys for Respondent Bayless.

Gallagher & Kennedy by John E. Lundin, Jeffrey D. Gross, Phoenix, Attorneys for Respondents Burns and Groscost.

Arizona State Senate by Glenn M. Davis, Phoenix, Attorney for Respondents Rios, Cummiskey, Loredo, and Horton.

## OPINION

ZLAKET, Chief Justice.

¶ 1 This special action challenges the Arizona Legislative Council's written analysis of Proposition 203, "English Language Education for Children in Public Schools," for inclusion in the state's voter information pamphlet. Petitioners claim that the Council violated the impartiality requirement of Ariz. Rev.Stat. § 19–124(B) (West Supp.1999) by misstating current bilingual education law; overstating parental rights to apply for waivers under the initiative; and exaggerating parental ability to obtain alternative programs. We considered the case without oral argument and issued our decision accepting jurisdiction and granting relief on August 18, 2000. We decided that the first paragraph of the Council's analysis had to either be deleted or revised to provide an impartial description of existing law, free of argument or advocacy. We further determined that the petitioners' remaining claims were untimely.

¶ 2 The jurisdictional basis and legislative background for this type of challenge are set forth in *Citizens for Growth Management v. Groscost*, 199 Ariz. 71, 13 P.3d 1188 (2000). The question presented is whether the Legislative Council fulfilled its responsibility to "prepare and file ... an impartial analysis ... of each ballot proposal of a measure or proposed amendment." Ariz.Rev.Stat. § 19–124(B).

¶ 3 The Council completed a draft analysis of Proposition 203 and made it available to the public on June 15, 2000. Open hearings were held on June 27 and July 6. At the July meeting, the Council adopted final language which was transmitted to the Secretary of State on July 13, 2000. Petitioners first ob-jected by sending a letter to Council Chairman Groscost dated August 1, 2000. They then filed a special action in this court on August 14. Respondents received copies of the pleadings on August 15. That same day, the Secretary of State was required to provide the printing company with a camera-ready copy of the publicity pamphlet. Due to this special action, the printing deadline was extended to August 24, 2000. We expedited the matter, ordering that responses be filed by August 17, and issued our decision the next day. Our order indicated that this opinion would follow.

¶ 4 The first paragraph of the disputed analysis states: "The existing laws of this state require that public schools provide bilingual education instruction to every pupil who is not fluent in English, without a specific time limit on services." This is misleading because it suggests that English *and* Spanish instruction must be given in all classes. However, state law requires schools to "provide a bilingual program *or* English as a second language [ESL] program for ... limited English proficient pupils." Ariz.Rev. Stat. § 15–754(A) (1991) (emphasis added). ESL instruction is performed entirely in English, and therefore is not bilingual. In Arizona, over 67% of limited English proficient students attend English-taught ESL classes. Lisa Graham Keegan, *English Acquisition Services: A Summary of Bilingual and English as a Second Language Programs* 6 (Jan.2000).

¶ 5 To comply with Ariz.Rev.Stat. § 19–124(B), the Council's analysis must be impartial; this means that the "language 'must not mislead.'" *Citizens for Growth Management*, 199 Ariz. at 73, 13 P.3d at 1190 (quoting *Arizona Legislative Council v. Howe*, 192 Ariz. 378, 383, 965 P.2d 770, 775 (1998)). Thus, on August 18 we ordered that the first paragraph be stricken or revised to meet this statutory requirement.

¶ 6 The defense of laches is available in election challenges. *Harris v. Purcell*, 193 Ariz. 409, 412, 973 P.2d 1166, 1169 (1998); *Mathieu v. Mahoney*, 174 Ariz. 456, 458–59, 851 P.2d 81, 83–84 (1993). This doc-

trine is an equitable counterpart to the statute of limitations, designed to discourage dilatory conduct. *Harris,* 193 Ariz. at 410 n. 2, 973 P.2d at 1167 n. 2. Laches will generally bar a claim when the delay is unreasonable and results in prejudice to the opposing party. *Id.* at 412, 973 P.2d at 1169.

 ¶ 7 In this case, the late filing defies explanation. The Legislative Council's analysis was first made available on June 15, 2000, but the petitioners took no action at that time. Hearings were held and public comment was received in June and July. The petitioners again failed to act. In August, they wrote and faxed a letter containing their objections to two of the sixteen respondents. Petitioners finally filed this special action on August 14, acknowledging therein that the publicity pamphlet was "to be printed on or about August 15, 2000." This delay is plainly unreasonable.

¶ 8 A laches defense, however, cannot stand on unreasonable conduct alone. *Harris,* 193 Ariz. at 412, 973 P.2d at 1169. A showing of prejudice is also required. *Id.; Mathieu,* 174 Ariz. at 459, 851 P.2d at 84. The first paragraph of the Legislative Council's analysis, regarding the current state of Arizona bilingual education, consists of a single sentence. That paragraph can easily be deleted or revised to conform with the language of Ariz.Rev.Stat. § 15–754(A). The same is not true with respect to the petitioners' other criticisms which, if upheld, would require an extensive rewriting of the analysis. To insist on major revisions at such a late date is not fair to either the Secretary of State or the Council. Thus, we conclude that these claims are barred by laches, and do not reach their merits. *Harris,* 193 Ariz. at 410, 973 P.2d at 1167; *Mathieu,* 174 Ariz. at 456, 851 P.2d at 81.

¶ 9 The real prejudice caused by delay in election cases is to the quality of decision making in matters of great public importance. *Mathieu,* 174 Ariz. at 460, 851 P.2d at 85. The effects of such delay extend far beyond the interests of the parties. Waiting until the last minute to file an election challenge "places the court in a position of having to steamroll through the delicate legal issues in order to meet the deadline for measures to be placed on the ballot." *Id.* at 459, 851 P.2d

at 84 (quoting *State ex rel. Fidanque v. Paulus,* 297 Or. 711, 688 P.2d 1303, 1308 (1984)). We repeat our caution that litigants and lawyers in election cases "must be keenly aware of the need to bring such cases with all deliberate speed or else the quality of judicial decision making is seriously compromised." *Id.* at 460, 851 P.2d at 85. Late filings "deprive judges of the ability to fairly and reasonably process and consider the issues ... and rush appellate review, leaving little time for reflection and wise decision making." *Id .* at 461, 851 P.2d at 86. It is imperative that we consider fairness not only to those who challenge a ballot initiative, but also to the sponsors who place a measure on the ballot, the citizens who sign petitions, the election officials, and the voters of Arizona. *Harris,* 193 Ariz. at 414, 973 P.2d at 1171.

¶ 10 As stated in our order, the first paragraph of the Legislative Council's analysis must be deleted or revised. Petitioners' other claims are barred by laches.

CONCURRING: CHARLES E. JONES, Vice Chief Justice, STANLEY G. FELDMAN, Justice.