214 P.3d 441 (2009)
STATE of Arizona ex rel. ARIZONA REGISTRAR OF CONTRACTORS, Plaintiff-Appellant,
v.
Frederico David JOHNSTON and Mary E. Johnston, individually and as husband and wife, doing business as Ace Aluminum and Products, Defendants-Appellees.
No. 1 CA-CV 08-0366.
Court of Appeals of Arizona, Division 1, Department A.
August 27, 2009.
*442 Terry Goddard, Attorney General by Stephen D. Ball, Phoenix, Attorneys for Appellant.
Frederico David Johnston, Appellee Mary E. Johnston, Appellee, Yoncalla, OR, In Propria Persona.

OPINION
WEISBERG, Judge.
¶ 1 The State of Arizona ex rel. Arizona Registrar of Contractors ("Registrar") appeals from the superior court's order dismissing its action for subrogation against Frederico David and Mary E. Johnston (collectively the "Johnstons"). The sole issue is whether the words "shall promptly enforce" as set forth in Arizona Revised Statutes ("A.R.S.") section 32-1138 (2008)[1] operate to bar the Registrar from seeking subrogation against a non-compliant contractor two-and-one-half years after it made payment to an injured party from the Registrar's Residential Recovery Fund ("Fund"). For the following reasons, we hold that A.R.S. § 32-1138 is not a statute of limitations that would bar the Registrar's subrogation claim. Accordingly, we reverse the superior court's order and remand for further proceedings consistent with this opinion.

BACKGROUND
¶ 2 Frederico Johnston was licensed by the Registrar as a contractor and conducted business as Ace Aluminum and Products. After Edward and Joy Kufahl filed a complaint with the Registrar against Johnston and his company, the Registrar issued an administrative order requiring Johnston to remedy the violation of the State's contracting laws. Johnston failed to do so. Consequently, the Registrar issued a final judgment on April 13, 2005, in the Kufahls' favor and awarded them $16,900 in damages to be paid from the Fund and charged against Johnston. The Kufahls received $16,900 from the Fund on May 26, 2005, and assigned their judgment to the Registrar and the Attorney General on June 16, 2005.
¶ 3 On June 17, 2005, the Registrar sent a demand letter to Johnston's surety requesting reimbursement from Johnston's license bond. The surety issued a check for $1,000 on September 14, 2005 as partial reimbursement
¶ 4 On October 22, 2007, the Attorney General, on behalf of the Registrar, filed suit against the Johnstons to enforce its subrogation rights pursuant A.R.S. § 32-1138. The Johnstons moved to dismiss on the ground that the Registrar's claim was timebarred. Citing West Valley View, Inc. v. Maricopa County Sheriff's Office, 216 Ariz. 225, 165 P.3d 203 (App.2007), the court found that "`Prompt[ly]' as used in A.R.S. § 32-1138 cannot mean 2 ½ years" and consequently granted the Johnstons' motion. The Registrar moved for reconsideration arguing that A.R.S. § 32-1138 did not constitute a statute of limitations and that such interpretation was contrary to Arizona statutes, case law, and public policy. The court denied the motion without comment and issued a final order. The Registrar timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(B) (2003).

DISCUSSION
¶ 5 In reviewing the grant of a motion to dismiss, we "assume the truth of the allegations set forth in the complaint and uphold dismissal only if the plaintiffs would not be entitled to relief under any facts susceptible of proof in the statement of the claim." Mohave Disposal, Inc. v. City of Kingman, 186 Ariz. 343, 346, 922 P.2d 308, 311 (1996). The court's statutory interpretation, however, is a question of law that we review de novo. People's Choice TV Corp. v. City of Tucson, 202 Ariz. 401, 403, ¶ 7, 46 P.3d 412, 414 (2002). When construing statutes, our primary goal is to ascertain the legislature's intent. Id. We first look to the text of the relevant statutes. Scottsdale Healthcare, Inc. v. Ariz. Health Care Cost Containment Sys. Admin., 206 Ariz. 1, 5, *443 ¶ 10, 75 P.3d 91, 95 (2003). If the statutory language is clear, we ascribe plain meaning to its terms. Rineer v. Leonardo, 194 Ariz. 45, 46, ¶ 7, 977 P.2d 767, 768 (1999). If ambiguity exists, we apply secondary principles of statutory construction and consider other factors, including the history, context, spirit and purpose of the law, to glean legislative intent. See Ariz. Newspapers Ass'n v. Superior Court, 143 Ariz. 560, 562, 694 P.2d 1174, 1176 (1985); see also Fuentes v. Fuentes, 209 Ariz. 51, 54-55, ¶ 12, 97 P.3d 876, 879-80 (App.2004). In so doing, we view the statute in the context of other related statutes and the overall statutory scheme. Goulder v. Ariz. Dep't of Transp., 177 Ariz. 414, 416, 868 P.2d 997, 999 (App.1993).
¶ 6 Pursuant to A.R.S. § 32-1138,
The state has the right of subrogation to the extent of payments made from the residential contractors' recovery fund including the right to collect from a bond, cash payment or alternative to cash payment made pursuant to § 32-1152 or 32-1152.01. The registrar and the attorney general shall promptly enforce all subrogation claims.
¶ 7 The parties do not dispute that the Registrar properly paid the Kufahls out of the Fund and that the Johnstons would be liable to the Registrar for subrogation. Rather, they dispute the meaning of the words "shall promptly enforce" as used in A.R.S. § 32-1138. The Johnstons argue that the phrase "shall promptly enforce" constitutes "express language limiting the time period" during which the Registrar may enforce its subrogation rights and that the word "promptly" must be given effect according to its ordinary meaning. The Registrar contends that the legislature did not intend for A.R.S. § 32-1138 to operate as a statute of limitations and that the superior court erred by dismissing its subrogation claim against the Johnstons. We agree with the Registrar to the extent that the superior court erred by construing A.R.S. § 32-1138 as a statute of limitations.[2]
¶ 8 The plain language of A.R.S. § 32-1138 does not state a specific time limit for the enforcement of the Registrar's subrogation rights. See In re Estate of Travers, 192 Ariz. 333, 336, ¶ 21, 965 P.2d 67, 70 (App.1998) (defining statute of limitations as "a legislative enactment which sets maximum time periods during which certain actions can be brought") (citing Black's Law Dictionary 927 (6th ed.1990)). Despite the Johnstons' reliance on West Valley View for the proposition that the word "promptly" requires an action "at once or without delay," that case interprets "promptly" in the context of providing access to public records and is not applicable here. See W. Valley View, 216 Ariz, at 230, ¶ 21, 165 P.3d at 208. Moreover, even if we were to adopt the ordinary meaning of "promptly" as the Johnstons urge,[3] we conclude that the directive nature of the phrase "shall promptly enforce" is no more mandatory than those statutes that read "shall" but have been interpreted by courts to mean something less than compelling, especially when, as here, the force of the directive is tempered by a vague modifier such as "promptly." See, e.g., Ariz. Downs v. Ariz. Horsemen's Found., 130 Ariz. 550, 554-55, 637 P.2d 1053, 1057-58 (1981) ("Although the word `shall' usually indicates a mandatory provision, the word has also been construed to indicate desirability, preference, or permission.") (citations omitted); Ariz. Libertarian Party v. Schmerl, 200 Ariz. 486, 490, ¶ 10, 28 P.3d 948, 952 (App.2001) (acknowledging "that `shall' may be interpreted as indicating desirability, preference, or permission, rather than mandatory direction, . . . if the context and purpose of the legislation *444 indicate that the term should be so construed") (citations omitted).
¶ 9 Additionally, nothing in the history or context of A.R.S. § 32-1138 suggests that the statute was intended to be a shield to protect non-compliant contractors. Indeed, A.R.S. § 32-1140 (2008) specifically states,
This article does not limit the authority of the registrar to take disciplinary action against any licensed contractor for a violation of this chapter, or of the rules and regulations of the registrar, nor does the repayment in full of all obligations to the fund by any contractor nullify or modify the effect of any other disciplinary proceeding brought pursuant to this chapter or the rules and regulations.
Thus, because a non-compliant contractor remains subject to discipline regardless of his action or non-action relating to the Fund, see A.R.S. § 32-1154 (2008) (providing for civil penalty and suspension and revocation of license), we cannot conclude that the legislature enacted A.R.S. § 32-1138 with an eye toward excusing a non-compliant contractor from accountability, which includes the ultimate responsibility of compensating an injured party for damages caused by his non-compliance with Arizona law. To hold otherwise would effectively require all licensed residential contractors in compliance with the law to bear the burden of paying for a non-compliant contractor's misdeed. We therefore conclude that neither the language, purpose, nor context of A.R.S. § 32-1138 reflects legislative intent to create a statute of limitations regulating the enforcement of the Registrar's subrogation right against a non-compliant contractor. See State ex rel. Dep't of Health Servs. v. Cochise County, 166 Ariz. 75, 78, 800 P.2d 578, 581 (1990) (recognizing longstanding rule that governing body not subject to statute of limitations in actions brought for public benefit unless so expressly stated or necessary by inference); see also City of Tucson v. Clear Channel Outdoor, Inc., 218 Ariz. 172, 178, ¶ 5, 181 P.3d 219, 225 (App.2008) (stating statute of limitations defenses are generally not favored as courts prefer to decide case on merits).

CONCLUSION
¶ 10 For the reasons stated above, we hold that the superior court erred by applying A.R.S. § 32-1138 as a statute of limitations to bar the Registrar's subrogation claim against the Johnstons. We therefore reverse the court's order dismissing the Registrar's claim and remand for further proceedings consistent with this opinion.
CONCURRING: JOHN C. GEMMILL, and DANIEL A. BARKER, JJ.
NOTES
[1] We cite the current version of the applicable statutes because no revisions material to this decision have since occurred.
[2] Although the superior court's ruling also appears to reflect considerations that are typically associated with laches, see Sotomayor v. Burns, 199 Ariz. 81, 83, ¶ 6, 13 P.3d 1198, 1199-1200 (2000) (stating laches "is an equitable counterpart to the statute of limitations" and "will generally bar a claim when the delay is unreasonable and results in prejudice to the opposing party"), the parties do not argue, and we do not decide, whether the doctrine of laches is applicable against the Registrar here.
[3] The Johnstons cite to the dictionary definition of "prompt" as "done immediately without pause" or "swift to answer." See also Webster's Ninth New Collegiate Dictionary 942 (1988) (defining "prompt" as "being ready and quick to act as occasion demands").