IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

TAYLOR THOMPSON, a single woman; )
and JOHN and KATHY THOMPSON, )
husband and wife, )
)
Plaintiffs/Appellants, )        2 CA-CV 2010-0087
)        DEPARTMENT B
v. )
)        O P I N I O N
PIMA COUNTY, and its departments of )
Transportation and Flood Control, )
Traffic Engineering, Transportation )
Engineering, Transportation Systems )
Division, Road Maintenance, and )
Operations-Maintenance Division, )
)
Defendants/Appellees. )
)

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20080075

Honorable Stephen C. Villarreal, Judge

AFFIRMED

---

Blaser Consulting
  By William B. Blaser                                            Tucson
                                        Attorney for Plaintiffs/Appellants

Barbara LaWall, Pima County Attorney
  By Thomas E. Dugal                                              Tucson
                                      Attorneys for Defendants/Appellees

---

V Á S Q U E Z, Presiding Judge.

¶1        In this personal injury action, appellants Taylor Thompson and her parents, John and Kathy Thompson, appeal from the trial court's order granting Pima County's motion for summary judgment.  On appeal, the Thompsons contend the court erred in finding their notice of claim was not filed timely under A.R.S. § 12-821.01.  For the reasons set forth below, we affirm.

### Facts and Procedural Background

¶2        We view the facts in the light most favorable to the party against whom summary judgment was entered.  *Bothell v. Two Point Acres, Inc.*, 192 Ariz. 313, ¶ 2, 965 P.2d 47, 49 (App. 1998).  On October 3, 2006, Taylor was driving on Hacienda Del Sol, between Sunrise Drive and River Road in Pima County.  She was eating a granola bar, and as she looked down to brush some crumbs off her lap, Taylor felt the vehicle veer off the pavement and into the dirt.  As she turned the steering wheel to the left to reenter the road, the car "flew really far out to the left."  She then turned the steering wheel to the right, but "the car flipp[ed] until [it] came to a jolting stop" after hitting a cactus.  Taylor suffered fractured vertebrae and damage to her spleen and was hospitalized for two days.

¶3        On the day of the accident, a deputy sheriff issued a traffic citation to Taylor at the hospital and told her and Kathy that the condition of the road might have contributed to the accident.  The next day, John and the family's attorney went to the accident scene to investigate and take photographs.  They observed two potholes in the road and took measurements of their "severity."  Pima County apparently had been aware

2

of the roadway defects on Hacienda Del Sol before the accident and repaired them one day after the accident occurred. The Thompsons hired an accident reconstruction expert who concluded in his report dated February 7, 2007, that the roadway conditions had caused the accident. The Thompsons delivered their notice of claim to the county on July 30, 2007, and filed their complaint on January 4, 2008.

¶4 Pima County subsequently filed a motion for summary judgment, arguing the Thompsons had filed their notice of claim untimely and had filed the lawsuit after the time permitted by the statute of limitations. The Thompsons opposed the motion, and the county requested a continuance to permit it to conduct additional discovery and file a supplemental pleading. The court granted the county's request. After oral argument, the court granted summary judgment in favor of Pima County, finding the Thompsons' claim had accrued more than 180 days before the filing of their notice of claim. This timely appeal followed.

## Standard of Review

¶5 The sole issue presented on appeal is whether the trial court erred in granting summary judgment in favor of Pima County based on the court's finding that the notice of claim was filed untimely. Whether summary judgment is appropriate is a question of law we review de novo. *Nelson v. Phoenix Resort Corp.*, 181 Ariz. 188, 191, 888 P.2d 1375, 1378 (App. 1994). We will affirm a grant of summary judgment where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a

3

judgment as a matter of law." Ariz. R. Civ. P. 56(c); *see also Orme Sch. v. Reeves*, 166 Ariz. 301, 305, 802 P.2d 1000, 1004 (1990).

**Discussion**

## I. Facts Sufficient

¶6　　　　The Thompsons maintain the trial court erred in granting summary judgment because their "investigation into the elements of this accident" was not complete until their accident reconstruction expert submitted his preliminary report of the accident on February 7, 2007. They assert, "[a]t that time and on that date [they] had for the first time the '*facts sufficient*' to support a valid Notice of Claim against Pima County." As we understand their argument, the Thompsons contend a cause of action accrues when a party has sufficient facts necessary to file a valid notice of claim under A.R.S. § 12-821.01(B). They reason that

> [a] Notice of Claim that does not contain 'facts sufficient' will be denied by the governmental entity, challenged in court and ultimately defeated. By the time the process is finished, the time for filing or refiling a valid Notice of Claim will have passed, and the entire claim will be barred as untimely.

¶7　　　　When interpreting a statute, "our primary goal is to ascertain the legislature's intent." *State ex rel. Ariz. Registrar of Contractors v. Johnston*, 222 Ariz. 353, ¶ 5, 214 P.3d 441, 442 (App. 2009). "[T]he best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction." *Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). Thus, when the statute's language "is not ambiguous, it

4

must be interpreted according to its plain meaning." *Rineer v. Leonardo*, 194 Ariz. 45, ¶ 7, 977 P.2d 767, 768 (1999).

¶8        Section 12-821.01 provides that before filing a lawsuit against a public entity or employee, a plaintiff must, within 180 days after the cause of action has accrued, file a notice of claim, which, inter alia, must contain "facts sufficient to permit the public entity or the public employee to understand the basis upon which liability is claimed." § 12-821.01(A). However, a cause of action against a public entity or employee accrues "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." § 12-821.01(B). If the notice of claim is not filed within 180 days after accrual, the claim is barred. § 12-821.01(A).

¶9        Under the plain language of the statute, "accrual" and "facts sufficient" are distinct concepts. Accrual relates to when the plaintiff first becomes aware that he or she has a cause of action against the defendant, and "facts sufficient" describes the quantum of facts that the plaintiff must include in the notice of claim. And, the statutory language does not condition the accrual of a claim upon the plaintiff's ability to articulate the "facts sufficient" for giving notice of the claim pursuant to § 12-821.01(A). Indeed, the 180-day delay between the time of accrual and the time at which the notice of claim containing "facts sufficient" must be filed is clear evidence the legislature did not intend

5

"accrual" and "facts sufficient" to have the same meaning. Thus, we reject the Thompsons' argument to the contrary.[1]

## II. Accrual

¶10 Turning to the issue of accrual in this case, the Thompsons filed their notice of claim on July 30, 2007, and, therefore, if their cause of action accrued before February 1, 2007, the trial court correctly found their claim barred under § 12-821.01(A). "To determine when a cause of action accrues, an analysis of the elements of [the cause of action] is necessary." *Dube v. Likins*, 216 Ariz. 406, ¶ 7, 167 P.3d 93, 98 (App. 2007). The elements of negligence, which form the basis of the Thompsons' complaint, are duty, breach of duty, causation, and damages. *Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539, 543, 543 n.2, 789 P.2d 1040, 1044, 1044 n.2 (1990). The only disputed element relevant to our analysis here is causation. The pertinent question thus is when did the Thompsons know or when should they reasonably have known the "cause, source, act, event, instrumentality or condition which caused or contributed to" Taylor's accident. § 12-821.01(B).

¶11 The Thompsons acknowledge that in *Walk v. Ring*, 202 Ariz. 310, ¶ 22, 44 P.3d 990, 996 (2002), our supreme court stated that for a cause of action to accrue, "it is not enough that a plaintiff comprehends a 'what'; there must also be reason to connect

---

[1]Because the issue in this case is the determination of the date upon which the cause of action accrued, not the date the Thompsons possessed "facts sufficient" for their notice of claim, we need not address further their requests "that this court define the meaning of 'facts sufficient' . . . [,] deci[de] . . . who determines what facts are 'facts sufficient[,]'[and] define how a dispute between the claimant and the governmental entity as to those facts will be resolved in the future[.]"

6

the 'what' to a particular 'who' in such a way that a reasonable person would be on notice to investigate whether the injury might result from fault." They argue, however, that when "the facts are insufficient, and an investigation is needed to determine how the 'what' is related to the 'who', it seems that the investigation ought to be allowed to be completed before any time begins to run." And, they posit a hypothetical "'court rule' for this type of situation[:] . . . if an investigation is begun within 180 days from the accident, the claimants are allowed to get the results of the investigation . . . before the time limits start to run for filing a Notice of Claim or the Statute of Limitations." Although the Thompsons and other claimants might prefer this rule, this court is bound by the statute's language, which plainly does not contain such a provision. *Yollin v. City of Glendale*, 219 Ariz. 24, ¶ 7, 191 P.3d 1040, 1043 (App. 2008) ("When construing a statute, we have a duty to construe it properly . . . ."); *In re Martin M.*, 223 Ariz. 244, ¶ 9, 221 P.3d 1058, 1061 (App. 2009) (appellate court may not rewrite statute under "guise of divining legislative intent"). *See also Rineer*, 194 Ariz. 45, ¶ 7, 977 P.2d at 768; *Janson v. Christensen*, 167 Ariz. at 471, 808 P.2d at 1223.

¶12 Section 12-821.01(B) provides, in pertinent part, that a cause of action accrues when the party "knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." This language has been interpreted as a codification of the discovery rule for determining when causes of action against public entities and employees accrue. *See Dube*, 216 Ariz. 406, ¶ 10, 167 P.3d at 110; *Stulce v. Salt River Project Agric. Improvement & Power Dist.*, 197

7

Ariz. 87, ¶ 11, 3 P.3d 1007, 1010 (App. 1999). "Under the discovery rule, . . . a cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause [of action]." *Doe v. Roe*, 191 Ariz. 313, ¶ 29, 955 P.2d 951, 960 (App. 1998); *see also Walk*, 202 Ariz. 310, ¶ 22, 44 P.3d at 996; *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588, 898 P.2d 964, 966 (1995); *Little v. State*, 592 Ariz. Adv. Rep. 29, ¶ 9 (Ct. App. Sept. 30, 2010). "A plaintiff need not know *all* the facts underlying a cause of action to trigger accrual. But the plaintiff must at least possess a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury." *Doe*, 191 Ariz. 313, ¶ 32, 955 P.2d at 961. Thus, "[t]he relevant inquiry is when did a plaintiff's 'knowledge, understanding, and acceptance in the aggregate provide[] sufficient facts to constitute a cause of action.'" *Little*, 592 Ariz. Adv. Rep. 29, ¶ 9, *quoting Walk*, 202 Ariz. 310, ¶ 23, 44 P.3d at 996.

¶13 Before February 1, 2007, the Thompsons knew that "[the] right tires [of Taylor's vehicle] had gone off the road a little" and when she "turned the [steering] wheel to go back onto the road[,] . . . the next thing [she] knew, [she] was way over far to the left." After turning the wheel back to the right, her car flipped over. They also had received a police report stating that Taylor had driven over two potholes as she tried to get back onto the pavement, which caused her vehicle to move to the left. And, a deputy sheriff who responded to the scene told Kathy on the day of the accident that he believed the potholes had "caused or contributed to the accident." As a result of the deputy's statement, which Kathy later iterated to Taylor and John, John and an attorney conducted

8

a preliminary investigation of the accident scene. John testified at his deposition that he had examined the area where the accident had occurred and had

> noticed that there was quite a difference in the grade of the [potholes] and grade of the . . . side of the road . . . . A lot of it was flat and even and these [potholes] where [a scrape] was at w[ere] up three or four inches.
>
> At that time [he] observed [what] . . . looked like a fresh skid plate, something had come down hard on that [pothole] and it was sc[r]aped freshly.

John later testified that after examining the road conditions, he was "curious because . . . all of us have, you know, drifted off the road and pulled back on. That's why I was wondering . . . if maybe the deputy had a point of somehow the [potholes] might have been involved." And Taylor, John, and Kathy all testified at their depositions that they suspected the potholes were a cause of the accident within the first few days after the accident.

¶14    We recognize that whether a cause of action has accrued is "usually and necessarily" a question of fact for the jury. *Doe*, 191 Ariz. 313, ¶ 32, 955 P.2d at 961. Nonetheless, considered in the aggregate, the information the Thompsons possessed before February 1, 2007, constituted "a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury," *see id.*, and that it was attributable to a particular entity or person, *Walk*, 202 Ariz. 310, ¶ 22, 44 P.3d at 996. Stated differently, the Thompsons possessed all the facts necessary to support their cause of action: they knew Taylor had been injured in a car accident after she had driven over potholes located on a county-maintained road. Even though the Thompsons did not have an expert's

opinion on causation until February 7, 2007, this does not mean they reasonably should not have known the cause of the accident before that time.[2] Simply put, "[t]hey did not have to know all of the underlying details of [how the accident occurred] before their cause of action accrued." *See Alaface v. Nat'l Inv. Co.*, 181 Ariz. 586, 591, 892 P.2d 1375, 1380 (App. 1994). Consequently, there was no genuine issue of material fact as to whether the Thompsons had "reasonable notice to investigate whether the injury [wa]s attributable to [the county's] negligence" as of February 1, 2007, *Walk*, 202 Ariz. 310, ¶ 25, 44 P.3d at 996, because they unquestionably were aware of the necessary facts underlying their cause of action at that time, *see Doe*, 191 Ariz. 313, ¶ 29, 955 P.2d at 960. The trial court thus did not err in granting summary judgment in favor of Pima County.

## Disposition

¶15 Because there was no genuine issue of material fact as to whether the Thompsons knew or reasonably should have known the cause of Taylor's accident before February 1, 2007, the trial court did not err in entering summary judgment against them for failure to file a timely notice of claim, pursuant to § 12-821.01.

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

---

[2]Indeed, here, the expert's accident reconstruction report submitted on February 7, 2007, was completed well within the time frame for filing the notice of claim timely.

CONCURRING:


/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Judge


/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge