NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

J.W. CARLSON,
*Plaintiff/Appellant*,

*v.*

DR. PHILLIPS,
*Defendant/Appellee.*

No. 1 CA-CV 19-0267
FILED 12-10-2019

Appeal from the Superior Court in Maricopa County
No. CV2018-014248
The Honorable Margaret R. Mahoney, Judge

**VACATED; REMANDED**

COUNSEL

J.W. Carlson, Phoenix
*Plaintiff/Appellant*

Maricopa County Attorney's Office, Phoenix
By Sherle R. Flaggman
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge James B. Morse Jr. joined.

---

**J O H N S E N**, Judge:

**¶1**        J.W. Carlson appeals the superior court's dismissal of his medical-malpractice claim against Dr. Phillips based on injuries Carlson alleges he received while incarcerated in a Maricopa County jail.  For the following reasons, we vacate the judgment and remand to the superior court for proceedings consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        Carlson filed a notice of claim against Phillips under Arizona Revised Statutes ("A.R.S.") section 12-821.01(A) (2019).[1]  He then filed a civil complaint in superior court and later filed first and second amended complaints.

**¶3**        According to Carlson's complaint, Phillips, through Maricopa County Correctional Health Services, listed the wrong expiration dates for Carlson's dietary restrictions while Carlson was incarcerated in Lower Buckeye Jail.[2]  Carlson alleged that, as a result, he was forced to eat food to which he is allergic, causing him to suffer various injuries.

---

[1]        Absent material revision after the relevant date, we cite the current version of a statute or rule.

[2]        On review of the grant of a motion to dismiss pursuant to Arizona Rule of Civil Procedure 12(b), we consider *de novo* whether, as a matter of law, the plaintiff would be "entitled to relief under any interpretation of the facts susceptible of proof." *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8 (2012) (citation omitted).  We look only to the complaint and documents attached to it, "assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts."  *Id.* at ¶ 9; *see also Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 63-64, ¶ 11 (App. 2010).

¶4 Phillips moved to dismiss with prejudice under Arizona Rule of Civil Procedure 12(b)(6), arguing Carlson's notice of claim was untimely. Phillips also argued Carlson failed to sufficiently plead a claim for medical malpractice but that any amendment to the complaint would be futile because it would not cure his untimely notice of claim. The superior court agreed and dismissed Carlson's complaint with prejudice, explaining that because his cause of action accrued on the date the "alleged negligence began," December 1, 2017 – the date Carlson reported as his date of loss – Carlson failed to file his notice of claim by the 180-day deadline on May 30, 2018. The court also granted Phillips's motion to strike Carlson's first and second amended complaints because Carlson failed to first obtain leave from the court to file the amendments, noting that any attempted amendments would be futile because his claim still would be barred under § 12-821.01(A).

¶5 Carlson timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2019) and -2101(A)(1) (2019).

## DISCUSSION

¶6 Carlson argues the superior court erred by ruling his notice of claim was untimely and by failing to allow him leave to amend his complaint.

¶7 Section 12-821.01 provides, in relevant part:

> A. Persons who have claims against a public entity, public school or a public employee shall file claims with the person or persons authorized to accept service for the public entity, public school or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. . . . Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

> B. For the purposes of this section, a cause of action accrues when the *damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage.*

(Emphasis added.)

**¶8** On appeal, the issue is whether, on this record, Carlson's notice of claim was untimely as a matter of law. *Thompson v. Pima County*, 226 Ariz. 42, 46-47, ¶ 14 (App. 2010) (question of when cause of action accrued for purposes of § 12-821.01 usually one of fact unless relevant facts are undisputed); *cf. Walk v. Ring*, 202 Ariz. 310, 314-15, ¶ 17 (2002) (same principle under common-law discovery rule). Because Carlson signed his notice of claim on July 8, 2018, and mailed it the next day, if his cause of action accrued before January 10, 2018, the notice was untimely. *See* A.R.S. § 12-821.01(A)-(B).

**¶9** Carlson's complaint alleged he was injured because the jail served him food to which he is allergic. The complaint alleged he was fed the wrong diet because Phillips negligently recorded incorrect expiration dates when he directed the jail not to serve Carlson a list of specific allergenic foods. Carlson's claim against Phillips did not accrue, therefore, until Carlson knew or should have known the jail was serving him food to which he is allergic (1) because of negligence by a medical professional; and (2) Phillips was the medical professional who had acted negligently. *See* A.R.S. §§ 12-561(2) (2019), -821.01(B). In other words, if Carlson knew or reasonably should have known before January 10 that a negligent act by Phillips caused the jail to give him the wrong food, Carlson's claim is barred.

**¶10** As the superior court noted, Carlson's notice of claim identified the "Date of Loss" as December 1, 2017. On appeal, Phillips argues that based on the allegations and reasonable inferences in Carlson's complaint, a restricted diet must have been ordered for Carlson at least as early as December 1. Phillips contends Carlson's claim accrued on that date because "Carlson would have had to meet with a medical professional before being placed on an allergy diet" and he "would have been able to ascertain" at that meeting that Phillips was the medical professional who caused his injuries.

**¶11** Carlson's complaint, however, does not reasonably support the conclusion that he necessarily knew before January 10, 2018, that he was being served the wrong food because Phillips had recorded incorrect expiration dates on his diet order. *See Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4 (App. 2005) (courts will not "accept as true allegations consisting of . . . inferences or deductions that are not necessarily implied by well-pleaded facts" or "unreasonable inferences or unsupported conclusions from such facts").

4

¶12 To begin with, although Carlson does not dispute that he knew on or about December 1 that the food he was fed in jail was causing him harm, nothing in the complaint or his notice of claim supports the proposition that he necessarily knew or should have known before January 10 that the cause was negligence by a medical professional as opposed to negligence by the "food factory" that prepares the food served to jail inmates. In a filing in the superior court titled "Motion In Response To Defendants Opposition's [sic]," Carlson argued his claim did not accrue until February 2018 because he did not know until then that a physician's incorrect diet order was the reason he was receiving the wrong diet. Carlson asserted that, instead, he had "blamed food factory all along," until a nurse allegedly told him in February 2018 that "Doctor Phillips put the wrong exp. dates for your diet." In the absence of evidence in the record to the contrary, we cannot say that, as a matter of law, Carlson should have known before January 10 that his incorrect diet was the fault of a medical professional.

¶13 Nor is there anything in the record showing that Carlson, as Phillips now argues, necessarily "would have been able to ascertain" before January 10 that Phillips was the medical professional who had negligently recorded his allergies. With a filing titled "Supplemental findings for request of partial summary judgment in response to Defendant's 12(b)(6) Motion to Dismiss," Carlson filed several pages of his medical records from his period of incarceration. The records are incomplete and some of them are undated. Nevertheless, the earliest of the records reflects that on December 8, an "Ordering Provider" other than Phillips ordered blood work for Carlson, the results of which returned the following day. The first encounter between Carlson and Phillips reflected in the records occurred on December 28, 2017, when Phillips had Carlson tested for allergies to peanuts, beans and soy. On January 6, 2018, the results returned as either "Above High Normal" or "Abnormal" for each of the tested allergens. According to the records, on January 16, Carlson reported an allergic reaction to food the jail served him, and six days later a nurse noted in his records that his diet had been "Corrected" to reflect a "No Nut, No Soy, No Bean" diet with a "Start Date" of December 1, 2017, and an expiration date of January 18, 2019.[3] Read together, these records support an inference that

---

[3] Although a copy of Carlson's diet-summary page in the record (dated March 5, 2018) states his "No Nut, No Soy, No Bean" restriction had a start date of December 1, 2017 and an end date of January 18, 2019, one inference to be drawn from the other records and the allegations in the complaint is that medical staff revised the dates on the form upon learning of the earlier error.

after the test results came back on January 6, Phillips might have erroneously ordered incorrect expiration dates for Carlson's allergy diet, causing Carlson's allergic reaction ten days later. If that inference is true, and we express no opinion on that matter, Carlson's claim did not accrue before January 10, 2018.

**¶14** For these reasons, the question of when Carlson's cause of action accrued, and thus whether he timely filed his notice of claim, remains a question of fact to be resolved on remand. *See Coleman v. City of Mesa*, 230 Ariz. 352, 363, ¶ 46 (2012) ("In adjudicating a Rule 12(b)(6) motion to dismiss, . . . a court does not resolve factual disputes between the parties on an undeveloped record."); *Lee v. State*, 218 Ariz. 235, 236, ¶ 1, 239, ¶ 22 (2008) (whether notice of claim was timely may be a material issue of fact to be resolved on remand); *Thompson*, 226 Ariz. at 46-47, ¶ 14; *Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 59, ¶ 9 (App. 2010) (when defendant moves to dismiss for failure to comply with § 12-821.01, court may convert motion to motion for summary judgment if parties file materials outside the pleadings); *cf. Walk*, 202 Ariz. at 314-15, ¶ 17. Accordingly, we vacate the superior court's judgment dismissing Carlson's complaint and remand for further proceedings.

**¶15** Finally, to the extent Carlson's original complaint failed to sufficiently allege the elements of his medical-malpractice claim, *see* Ariz. R. Civ. P. 8(a); *Smethers v. Campion*, 210 Ariz. 167, 170, ¶ 12 (App. 2005), he is entitled to amend his complaint to sufficiently allege such a claim. "Leave to amend, although discretionary, should be liberally granted." *Dube v. Likins*, 216 Ariz. 406, 415, ¶ 24 (App. 2007) ("Before the trial court grants a Rule 12(b)(6) motion to dismiss, the non-moving party should be given an opportunity to amend the complaint if such an amendment cures its defects." (citation omitted)).

**CONCLUSION**

¶16        For the reasons stated, we vacate the judgment entered against Carlson and remand to the superior court for further proceedings consistent with this decision.[4]



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[4]        We deny Carlson's "Motion for Prescribed Doctor & or Medical Care" because his requested relief falls outside the scope of our jurisdiction in this appeal.  A.R.S. §§ 12-120.21, -2101(A)(1).