NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JEFFREY BADE, *Plaintiff/Appellant*,

*v.*

MANDEEP POWAR, M.D.; HAVASU REGIONAL MEDICAL CENTER
LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0185
No. 1 CA-CV 21-0254
(Consolidated)
FILED 2-1-2022

---

Appeal from the Superior Court in Mohave County
No. S8015CV201900374
The Honorable Kenneth L. Gregory, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Jeffrey A. Bade, Topock
*Plaintiff/Appellant*

Jennings, Strouss & Salmon, P.L.C., Phoenix
By Matthew L. Cates
*Counsel for Defendants/Appellees Mandeep Powar, M.D. & Midwest Internal
Medicine, PLLC*

Wright Welker & Pauole PLC, Phoenix
By Christopher S. Welker, Diane L. Bornscheuer
*Counsel for Defendant/Appellee Anne Skadeland*

Jones, Skelton & Hochuli P.L.C., Phoenix
By Donn C. Alexander, Anne E. Holmgren, Elizabeth B. N. Garcia
*Counsel for Defendants/Appellees Havasu Regional Medical Center, L.L.C., Lisa
Eckland, & Allison Johnson*

---

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in
which Judge Peter B. Swann and Judge D. Steven Williams joined.

---

**B A I L E Y**, Judge:

¶1        Jeffrey Bade appeals the superior court's judgments
dismissing his claims of aiding and abetting medical battery against Allison
Johnson and fraud against Anne Skadeland.  For the following reasons, we
affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Bade suffered an industrial back injury in November 2016 and
received medical care and indemnity payments under benefits provided
through a worker's compensation claim.

¶3        In May 2017, Dr. Mandeep Powar, a member of Midwest
Internal Medicine, PLLC ("Midwest"), performed a spinal procedure on
Bade that Bade contends was a medical battery.  After the procedure, Bade
asserts he was transferred to Dr. Powar's business office, where Johnson
was present.  Bade contends that Johnson, who filled out the discharge
instructions, did not actually discharge him because she did not indicate on
a procedural sedation note that discharge criteria was met.  Bade asserts a
second medical battery occurred when Dr. Powar performed another spinal
procedure.  Bade allegedly suffered an allergic reaction to contrast dye used
during the procedure(s).

¶4        Bade later underwent an independent medical exam ("IME")
in furtherance of his worker's compensation claim.  Bade asserts that
Skadeland, the claims adjuster assigned to process his claim, intentionally

withheld diagnostic imaging information from the IME physician to obtain an opinion used to deny the worker's compensation benefits.

**¶5** Bade filed a lawsuit against Dr. Powar, Midwest, Johnson, Skadeland, and others alleging multiple claims, including fraud, aiding and abetting fraud, fraudulent concealment, aiding and abetting fraudulent concealment, breach of fiduciary duty, constructive fraud, medical battery, and aiding and abetting medical battery. Although Bade did not allege medical malpractice, the superior court found that the requirement in Arizona Revised Statutes ("A.R.S.") section 12-2603 for a preliminary expert opinion affidavit applied to certain counts against Dr. Powar and Johnson, and then it dismissed those counts after Bade failed to comply.

**¶6** The superior court also granted summary judgment to Johnson on the claim for aiding and abetting medical battery, finding that Bade failed to prove Johnson provided Dr. Powar with substantial assistance with the intent of promoting a battery. The court dismissed the fraud claim against Skadeland based on the alleged withholding of diagnostic imaging from the IME physician, finding that Bade failed to plead materiality of the allegedly withheld information.

**¶7** Bade timely appealed after the superior court entered final judgments pursuant to Rule 54(b), Ariz. R. Civ. P., dismissing all claims against Johnson and Skadeland.

## DISCUSSION

I.    Jurisdiction

**¶8** Bade raises three issues on appeal. He challenges: (1) the superior court's rulings requiring that he serve a preliminary expert opinion affidavit in support of his claims against Dr. Powar for fraudulent concealment, breach of fiduciary duty, and constructive fraud[1]; (2) the

---

[1]    Bade does not directly address in his opening brief the superior court's dismissal of claims against Johnson and Skadeland for aiding and abetting fraudulent concealment, which the court dismissed for Bade's failure to provide an expert affidavit. He only mentions the aiding and abetting fraudulent concealment claim in passing and fails to develop any specific argument on appeal directed to this claim. He thus waives this issue as to Johnson and Skadeland. *See Van Loan v. Van Loan*, 116 Ariz. 272, 274 (1977) ("The failure to raise an issue . . . in briefs on appeal constitutes a waiver of the issue." (citation omitted)), *overruling on other grounds*

judgment in favor of Johnson on the aiding and abetting medical battery claim; and (3) the dismissal of the fraud claim against Skadeland.

¶9            Dr. Powar and Midwest filed an answering brief noting uncertainty over jurisdiction as to the rulings requiring a preliminary expert opinion affidavit. This court has an independent duty to examine its own jurisdiction over appellate matters. *Dabrowski v. Bartlett*, 246 Ariz. 504, 511, ¶ 13 (App. 2019).

¶10           There is no appealable judgment as to Dr. Powar and Midwest, and they are not proper parties to this appeal. *See* Ariz. R. Civ. P. 54(b) (stating that in a multi-party or multi-claim case, the court may only direct entry of final judgment on fewer than all claims or parties upon express determination that judgment should be entered and there is no just reason for delay). The underlying rulings themselves are not independently appealable. *See* A.R.S. § 12-2101(A).

¶11           We have jurisdiction over the remaining issues under A.R.S. § 12-2101(A)(1).

II.    Grant of Summary Judgment to Johnson on Aiding and Abetting Medical Battery Claim

¶12           Bade argues the superior court erred in granting summary judgment on the aiding and abetting medical battery claim against Johnson.

¶13           We review the grant of summary judgment *de novo*, viewing the facts in the light most favorable to Bade, against whom summary judgment was taken. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). A party opposing summary judgment must show competent evidence to justify a trial on a fact issue. *Cullison v. City of Peoria*, 120 Ariz. 165, 168 (1978). When there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, we will affirm summary judgment. Ariz. R. Civ. P. 56(a); *accord Thompson v. Pima Cnty.*, 226 Ariz. 42, 44, ¶ 5 (App. 2010).

¶14           To succeed on his aiding and abetting medical battery claim, Bade must prove that Dr. Powar committed a medical battery, that Johnson was aware that Dr. Powar's conduct breached a duty of care, and that

*recognized by Edsall v. Superior Court*, 143 Ariz. 240, 241 (1984); *Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491, ¶ 6 n.2 (App. 2007) (declining to consider the merits of an argument that was made "in passing" in the opening brief and was not developed).

Johnson provided Dr. Powar with substantial assistance or encouragement. *See Federico v. Maric*, 224 Ariz. 34, 36, ¶ 8 (App. 2010).

**¶15** In its ruling, the superior court found that there were no facts showing Johnson undertook any action before or during the first procedure that would have provided substantial assistance or encouragement to Dr. Powar. On appeal, Bade does not directly challenge the court's ruling as to Johnson's lack of involvement regarding the first procedure, but argues the court erred by not making a reasonable inference that the evidence indicates Bade may have been subjected to a second alleged procedure, which he contends was also a battery. Even assuming a second procedure occurred, Bade points to no evidence in the record suggesting that Johnson *knew* Dr. Powar intended to provide a second procedure or that she provided substantial assistance.

**¶16** Bade argues in reply that Johnson provided substantial assistance to Dr. Powar's commission of the second battery by "making Bade available for the second battery by failing to discharge him." The alleged omission in a medical note of meeting discharge criteria does not give rise to an inference of Johnson's knowledge of a battery or constitute substantial assistance in the commission of a battery. *See id.* at ¶ 9. The superior court did not err in granting summary judgment to Johnson on the aiding and abetting medical battery claim.

III.   Dismissal of Fraud Claim against Skadeland

**¶17** Bade argues the superior court erred by dismissing the fraud claim against Skadeland for the failure to allege materiality of the medical information allegedly intentionally withheld from the IME physician.

**¶18** We review a dismissal for failure to state a claim *de novo*. *Conklin v. Medtronic, Inc.*, 245 Ariz. 501, 504, ¶ 7 (2018). Fraud must be pled with particularity. Ariz. R. Civ. P. 9(b). Materiality is an essential element of a fraud claim. *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 155-56, ¶ 53 (App. 2009). We assume the truth of well-pled factual allegations contained in the complaint and all reasonable inferences. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008). Mere conclusory statements are insufficient to state a claim. *Id.*

**¶19** Bade alleged that Skadeland withheld material imaging information from the IME physician who formed an opinion used to deny worker's compensation benefits. But Bade did not allege what material information the imaging reports contained that could have affected the IME

physician's examination and how it would have changed the outcome of the report.

¶20 Bade argues that his allegation of Skadeland's intentional withholding of imaging from the IME physician was sufficient for the court to *infer* materiality. As noted, however, fraud must be pled with particularity. Ariz. R. Civ. P. 9(b). Concealment does not rise to the level of fraud if the information was not material. Bade did not allege any fact suggesting that the information in the concealed report was significant. Bade argues that discovery may lead to disclosure of the imaging report that could have information that could have changed the IME physician's opinion and support an allegation of materiality. But we review only the well-pled allegations contained in the pleading itself. *See Cullen*, 218 Ariz. at 419, ¶ 7. Because Bade fails to make a prima facie claim for fraud, the superior court did not err in dismissing the fraud claim against Skadeland.

## CONCLUSION

¶21 For the foregoing reasons, we affirm the superior court's judgments. We award taxable costs to Johnson and Skadeland upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA