NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the Matter of:

JEFFERY LYNN WASHBURN, Deceased.

LACEY LYNN LEHMAN, et al., *Petitioners/Appellees*,

*v.*

REGINA WASHBURN, *Respondent/Appellant*.

No. 1 CA-CV 21-0409
FILED 3-22-2022

Appeal from the Superior Court in Maricopa County
No.  PB2020-070372
The Honorable J. Justin McGuire, Judge *Pro Tempore*

**AFFIRMED IN PART; REVERSED IN PART**

COUNSEL

Windtberg & Zdancewicz, PLC, Phoenix
By Michael J. Zdancewicz
*Counsel for Petitioners/Appellees*

Schutt Law Firm PLC, Scottsdale
By Kenneth W. Schutt, Jr., Erika M. Weiler
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Randall M. Howe joined.

---

**M O R S E**, Judge:

¶1        Regina Washburn ("Washburn") appeals from the probate court's grant of summary judgment and the award of attorney fees to the Estate of Jeffery Lynn Washburn ("the Estate") on Washburn's petition for allowance of a claim. For the following reasons, we affirm the disallowance of Washburn's claim, but reverse the attorney fee award to the Estate.

### FACTS AND PROCEDURAL BACKGROUND

¶2        A 1992 dissolution decree required Jeffery Washburn ("the decedent") to carry a $100,000 life-insurance policy designating Washburn as the non-revocable beneficiary and to provide her with annual verification of coverage.

¶3        After entry of the dissolution decree, the decedent did not regularly provide Washburn annual verification, and she never sought to enforce the decree's life-insurance provision. The record suggests that the decedent last provided Washburn annual verification of coverage several years before 2003, when the parties litigated child custody in another state. The decedent died in 2019 without an active life-insurance policy.

¶4        Lacey Lynn Lehman, the personal representative of the decedent's Estate, applied for informal probate to administer the Estate's assets. Washburn filed a $100,000 notice of claim with the Estate based on the decedent's failure to comply with the decree's life-insurance provision, which the Estate disallowed. Washburn petitioned the probate court to allow the claim, and the parties filed competing motions for summary judgment.

¶5        The probate court denied Washburn's motion for summary judgment and granted summary judgment to the Estate. The court found that decedent breached his contractual obligation to obtain an insurance policy and provide annual coverage verification, each annual failure constituted a new material breach, and the statute of limitations did not bar Washburn's claim. However, the court found that the doctrine of laches

barred her claim because Washburn's more than two-decade delay in pursuing her claim was unreasonable and would prejudice the Estate.

¶6        After the probate court entered final judgment, Washburn moved for a new trial, and the Estate moved for attorney fees. The court denied Washburn's motion for new trial and awarded attorney fees to the Estate.

¶7        We have jurisdiction over Washburn's timely appeal under A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I.    Summary Judgment.

¶8        Washburn argues the probate court erred by relying on the doctrine of laches to grant summary judgment to the Estate.[1]

¶9        We review the grant of summary judgment de novo, viewing the facts "in the light most favorable" to Washburn, against whom summary judgment was granted. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). When there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, we will affirm summary judgment. Ariz. R. Civ. P. 56(a); *Thompson v. Pima County*, 226 Ariz. 42, 44, ¶ 5 (App. 2010). We review de novo the court's interpretation of an existing dissolution decree. *Cohen v. Frey*, 215 Ariz. 62, 66, ¶ 10 (App. 2007). We review the court's application of laches for abuse of discretion. *McLaughlin v. Bennett*, 225 Ariz. 351, 353, ¶ 5 (2010).

¶10        On appeal, Washburn argues the probate court erred by applying the doctrine of laches to her claim for money damages for breach of contract. The Estate argues that Washburn's claim is to enforce the dissolution decree, not for breach of contract, and enforcement of the decree is an equitable matter, to which the doctrine of laches applies.

¶11        As an initial matter, the Estate asserted to the probate court that contract law governs and laches can apply to an action in contract. We reject Washburn's position that the Estate waived its equitable argument via its position below. The Estate consistently urged laches and it is the

---

[1]        Because our decision affirming the grant of summary judgment to the Estate resolves this appeal, we do not address the denial of Washburn's motion for summary judgment.

court that determines which law applies to the facts, not the parties. *Word v. Motorola, Inc.*, 135 Ariz. 517, 520 (1983).

¶12 Despite Washburn's insistence that the parties entered into an agreement that was incorporated by reference into the decree, our review shows no reference to a separate written agreement referenced in the decree. The decree states that the matter arose before the family court for hearing, that neither party appeared, and that the parties agreed the matter may be heard as a default. The family court ordered the decedent to maintain a life-insurance policy and "supply wife with annual verification of coverage." Both parties signed the decree, approving it as to form and content. The probate court determined the decedent had breached his contractual obligations in the decree, impliedly finding that the decree was a contract.

¶13 To the extent the probate court treated the decree as a contract, it erred. A consent decree, like any judgment, is "an independent resolution by the court of the issues before it and rightfully is regarded in that context and not according to the negotiated intent of the parties." *In re Marriage of Zale*, 193 Ariz. 246, 249, ¶ 11 (1999). Enforcement of dissolution decrees is based on the equitable power of the family court. *See Cole v. Cole*, 101 Ariz. 382, 384 (1966) (dissolution of marriage is an equitable action). "The superior court has inherent power to enforce its own judgments by subsequent orders when asked to do so." *Daley v. Earven*, 166 Ariz. 461, 463 (App. 1990). And because laches is an equitable doctrine, the probate court properly considered its application to the decree's life-insurance requirement. *See Sotomayor v. Burns*, 199 Ariz. 81, 82-83, ¶ 6 (2000) (noting laches is "an equitable counterpart to the statute of limitations, designed to discourage dilatory conduct"). Because we find that the decree is a judgment, not a contract, we do not address the parties' dispute about whether laches can apply to a breach of contract claim.

¶14 Laches generally bars a claim when the delay is unreasonable and would prejudice the opposing party. *Id.* at 83, ¶ 6. We determine whether a delay is unreasonable by examining "the justification for delay, including the extent of plaintiff's advance knowledge of the basis for challenge." *Harris v. Purcell*, 193 Ariz. 409, 412, ¶ 16 (1998).

¶15 The record supports the probate court's exercise of its discretion. Because the decedent failed to provide annual proof of coverage under an insurance policy, Washburn knew every year that the decedent failed to comply with that provision of the decree. Washburn did not seek enforcement of the life-insurance provision in the decree in Arizona family

court and the record shows she last raised the issue in any court in 2003. We agree that Washburn's nearly two-decade delay in pursuing her rights under the decree is unreasonable.

**¶16**      Further, the prejudice to the Estate is clear. A claim against the Estate "includes liabilities of the decedent." A.R.S. § 14-1201(8). A liability is a legal obligation. *See Liability*, Black's Law Dictionary (11th ed. 2019) (defining liability as "[t]he quality, state, or condition of being legally obligated or accountable; legal responsibility to another or to society, enforceable by civil remedy or criminal punishment"). The decedent's legal obligation under the dissolution decree was not to provide $100,000 to Washburn, but to maintain a life-insurance policy for that value and provide annual proof of coverage. It is undisputed that there is no life-insurance policy and no concomitant $100,000 in proceeds for the Estate to distribute. Thus, Washburn has no claim for $100,000. Even though causes of action against the decedent survive death and may be asserted against his personal representative, A.R.S. § 14-3110, Washburn's cause of action is for enforcement of her rights under the decree to be named as a beneficiary under a life-insurance policy. By waiting until the decedent had died, Washburn's failure to seek enforcement results in impossibility of compliance. The Estate cannot now procure a life-insurance policy for the decedent, and it would be prejudicial to force the Estate to distribute other assets to satisfy the decedent's obligation to maintain a life-insurance policy. The court did not abuse its discretion in applying laches.

## II.    Attorney Fees.

**¶17**      Washburn argues the probate court erred in awarding the Estate attorney fees because it untimely filed its motion for fees more than 15 days after entry of final judgment in violation of Arizona Rule of Civil Procedure 54(h)(2)(C).

**¶18**      Although the Estate properly asserted a claim for attorney fees in its response to Washburn's petition, the probate court entered final judgment without having considered attorney fees. When a court enters final judgment without first receiving a motion for judgment or proposed form of judgment, as is the case here, a prevailing party seeking fees must file a motion to alter or amend the judgment within 15 days. Ariz. R. Civ. P. 54(h)(2)(C), 59(d). It is undisputed that the Estate did not file its motion within 15 days after entry of judgment. Despite this failure, the court awarded the Estate fees.

**¶19**        The probate court lacks jurisdiction to rule on an untimely post-judgment motion. *Einboden v. Martin*, 70 Ariz. 245, 249 (1950); *see also Preston v. Denkins*, 94 Ariz. 214, 219 (1963); *Egan-Ryan Mech. Co. v. Cardon Meadows Dev. Corp.*, 169 Ariz. 161, 166 (App. 1990). The fact that Washburn's motion for new trial was pending does not extend the Estate's deadline to file its own motion to alter or amend judgment for attorney fees. Ariz. R. Civ. P. 6(b) (prohibiting a court from extending the time to file a motion to alter or amend a judgment except under certain conditions absent in this case).

**¶20**        The Estate argues Washburn failed to object to its motion for attorney fees and therefore waives any objection to the fee award. But Washburn filed a notice of lodging proposed form of order that would deny the attorney fee motion as untimely. And even if the proposed order was insufficient, a party cannot waive subject-matter jurisdiction. *Swichtenberg v. Brimer*, 171 Ariz. 77, 82 (App. 1991). Thus, the probate court lacked jurisdiction to award the Estate attorney fees.

## CONCLUSION

**¶21**        For the foregoing reasons, we affirm the probate court's ruling disallowing Washburn's claim but reverse the attorney fee award. In our discretion, we decline to award either party attorney fees. We award costs on appeal to Washburn upon compliance with ARCAP 21.

